### KLINE v GREEN· et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1443. Decided Sept 8, 1937

McMahon, Corwin, Landis & Markham, Dayton, for plaintiff-appellee.

Ozias & Ozias, Dayton, and W. S. Rhotehamel, Dayton, for defendant-appellant.

## OPINION

By THE COURT

The above entitled cause is now being determined on the motion of plaintiff-appellee to dismiss defendants-appellants appeal upon the following enumerated grounds:

"(1) The notice of appeal filed in the Common Pleas Court of Montgomery County, Ohio, does not 'designate the order, judgment or decree appealed from' as required by §12223-5 GC."

"(2) Said notice recited that the appeal was on questions of law and fact, yet the appellants have failed to make their appeal effective through the execution of a supersedeas bond as required by §§12223-6 and 12223-9-10 GC, at the time of filing said notice (or at any time thereafter)."

"(3) Said notice was filed on September 2, 1936, yet no praecipe for a transcript of the docket and journal entries and original papers was filed until November 19, 1936, contrary to §12223-8 GC."

"(4) No transcript of the testimony, bill of exceptions, assignments of error or briefs have ever been filed, contrary to Rule VII of this court, made in pursuance to §12223-8 GC."

"(5) Under the provisions of said Rule VII this cause is subject to dismissal for want of prosecution."

We will take up the various grounds in the order set forth in the motion. §12223-5 GC, reads as follows:

"Sec 12223-5 GC. The notice of appeal shall designate the order, judgment, or decree appealed from, and whether the appeal shall be on question of law or question of law and fact. In said notice the party appealing shall be designated the appellant, and the adverse party the appellee, and the style of the case shall be the same as in the court of origin. The failure to designate the type of hearing upon appeals shall not be jurisdictional and the notice of appeal may be amended by the appellate court in furtherance of justice for good cause shown."

The notice of appeal in the instant case, omitting the caption reads as follows:

"Now comes all of the defendants in the above entitled case, with the exception of Rowan A. Greer, Jr., as ancillary administrator of the estate of Fred B. Waring, deceased, and hereby give notice of appeal of this cause to the Court of Appeals of Montgomery County, Ohio on all grounds of law and fact involved in the above entitled case.

"This notice is given under the provisions of §12223-1 GC, and is an appeal on the question of fact.

Ozias & Ozias, and W. S. Rhotehamel,

Attorneys for all of the defendants excepting Rowan A. Greer, Jr., as ancillary administrator of the estate of Fred B. Waring, deceased."

Specifically, the objection to the notice of appeal is that the same does not designate the order, judgment, or decree appealed from, as required under the above quoted section, §12223-5 GC. That the notice of appeal has the infirmity complained of, may not be denied, but the question remains whether or not it would be the predicate for a dismissal of the appeal. An examination of the transcript of the docket and journal entries discloses that there is but one final order, judgment, or decree from which an appeal could be taken. This was the final judgment under date of August 17th.

Sec 12223-3 GC, specifically provides as to what orders, judgments or decrees may be reviewed. As heretofore stated, it is only final orders, judgments and decrees that may be appealed. Under the facts of this case, we are unwilling to determine that the appeal should be dismissed for the mere failure to specifically designate the order, judgment or decree appealed from. Of course, it would be the better practice to conform with the language of the Code.

In the interests of justice and on our own motion we will invoke the last paragraph of said §12223-5 GC, and order the notice of appeal amended, so as to specifically designate the order, judgment and decree appealed from.

Ground No. 2 raises the question that the notice of appeal was on question of law and fact, and that appellants failed to give an appeal bond as required under §12223-6 GC. This court has repeatedly held that it will not dismiss an appeal on question of law and fact for failure to give the appeal bond, but will invoke the provisions of §12223-22 GC, and make the determination that the appeal may not be considered de novo, but will be held as an appeal on questions of law.

The case of Parker et, appellants v Ingalls et, appellees, 1454, Montgomery County, (24 Abs 518) is directly in point. This decision was by a divided court. The same has been selected for publication and will appear in the Ohio Bar.

This court still adheres to the rule announced in the Parker case, supra, and will grant to appellants thirty days for the preparation and settlement of a bill of exceptions as provided in §11564 GC.

Complaint No. 3 is predicated upon appellants failure to file praecipe for a transcript of the docket and journal entries within ten days after filing notice of appeal, prescribed under §12223-8 GC. We think the last paragraph of this section clearly discloses that the failure to comply with the ten day provision would not be ground for dismissal of the appeal. We quote from said section:

"In event the transcript and papers are not filed in said time, either party may apply to the court to which the appeal is taken to have the case docketed, and the court shall order it filed."

242

Grounds Nos. 4 and 5 are kindred to Grounds 2 and 3, and will be overruled for the reasons therein stated.

Counsel for appellee, in their brief, urge that the appeal should be dismissed for the further reason that counsel for appellants failed to file their brief within the time prescribed by Rule 7. Under the present state of the record this Rule is not applicable, as the time for filing briefs would not start to run until the time of the filing of the bill of exceptions.

The various Courts of Appeals in the State are not in accord in their determination as to the effect of failure to give appeal bond within the time prescribed under the Code. In some jurisdictions it has been held that the motion to dismiss should be sustained. This will remain a controverted question until such time as the Supreme Court definitely determines the proper rule.

Our court, in a majority opinion, adopts the more liberal rule which permits litigants to have a review.

It is urged, with much plausibility, that this rule permits appellants to designate their appeal as appeal on question of law and fact, when the cause, not being one in chancery, would only be reviewed as an appeal on question of law, and through this procedure bring about long and vexatious delay. Might it not be possible for the appellee to check-mate the fret and delay through promptly causing execution to be issued on his judgment in the Common Pleas Court. Until bond is given judgment is not suspended under any form of appeal.

It is our determination that the motion to dismiss will be overruled.

BARNES, PJ, and HORNBECK, J, concur.
GEIGER, J, dissents for the reasons set forth in the dissenting opinion in case No. 1454, Montgomery County, Parker et, Appellants v Ingalls et, Appellees.