## HAUCK v HAUCK

Ohio Appeals, 2nd Dist, Franklin Co

No 2951.   Decided April 21, 1939

Schwartz & Gurevitz, Columbus, for plaintiff-appellant.

H. E. Gingher, Columbus, and R. A. Hawley, Columbus, for defendant-appellee.

## OPINION

By BARNES, J.

The above entitled cause is now being determined on plaintiff's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

One very serious question presents itself, although not discussed in the briefs.

We find that the notice of appeal is defective in that it attempts to take an appeal from the judgment of the trial court overruling the motion for new trial.

The courts of this state have universally held that the overruling or sustaining of a motion for new trial is not a final order. The Legislature rather recently amended §12223-2 GC, effective August 23, 1937, redefining the term "final order" by adding to and including in the definition:

"An order vacating or setting aside a general verdict of a jury and ordering a new trial."

In practice there is strong reason why the sustaining of a motion for new trial should be a final order. whereas no such reason exists where the motion for new trial is overruled, for the reason that when overruled the next step is to enter judgment, which is the final order and appeal may then be taken therefrom. In the very recent cases of **Hoffman v Knollman, 135 Oh St 170,**

and State of Ohio, Appellant v Wright, Appellee, 135 Oh St 187, and Spacht v Cincinnati Street Railway Company, 135 Oh St 138, all of the above cases being found in the Ohio Bar Association Report, under date of March 27, 1939, the Supreme Court declared the amended §12223-2 unconstitutional in so far as the amendment attempted to define the sustaining of the motion for new trial as a final order.

Sec. 12223-5, GC, among other things, contains the following:

"The notice of appeal shall designate the order, judgment or decree appealed from * * * ."

This Court in the case of Kline v Green, et, 25 Abs 240, had before it this question in a somewhat different form. In the cited case the notice of appeal did not indicate the judgment or order appealed from. The first syllabus of this case reads as follows:

"1. The failure to designate specifically the order, judgment or decree appealed from in the notice of appeal as required by §12223-5, GC, is not ground for dismissing the appeal, where there is but one final order, judgment or decree from which an appeal can be taken, although it would be better practice to conform with the language of the statute."

At a later date, in unreported cases, this Court held that where the notice of appeal erroneously designated as the order appealed from a judgment which was not the final order, we could not follow the liberality announced in the case of Kline v Green, supra, for the reason that we could not say that appellant was intending to appeal from a final order when the notice of appeal expressly stated the intention and such designated order was not the final order.

Mahaffey v Stine, (Montgomery Co. No. 1592), Dec. 15, 1938. (28 Abs 361).

Anderson v Local Union No. 413, etc., et al (Franklin Co., No. 2914), March 29, 1939. (29 Abs 364).

The instant case comes squarely within this announcement.

This is jurisdictional and for that reason the appeal must be dismissed.

For the benefit of counsel in future litigation, we also desire to call attention to the fact that no assignments of error were filed in our Court, as required under Rule 7 of Rules of Court of Appeals, as found in the early pages of Volume 50, Ohio Appls. Reports.

We have previously held that we will not dismiss for failure to observe this provision of the rule, but compliance therewith is helpful and it is our desire that it be observed.

We might observe that before discovering the defect in the notice of appeal, we had examined the briefs of counsel, the opinon of the trial court and made an exhaustive study of the bill of exceptions.

In the absence of assignments of error, we ascertain from appellant's brief that claimed error is predicated on the theory that the judgment of the court was contrary to law and against the manifest weight of the evidence.

The record presents the usual conflict. The trial court was in better position to weigh the evidence and hence we would not be inclined to molest on the question of weight of evidence.

Appellant's brief will also bear the construction that the contention is made that the evidence construed in its most favorable light would not be sufficient upon which to grant a divorce to the plaintiff.

Construing the evidence as a whole, we think the record does present sufficient evidence to support the finding of the trial court.

Plaintiff's appeal will be dismissed.

HORNBECK, PJ. & GEIGER, J, concur.