UNKLE, APPELLEE, v. UNKLE, APPELLANT.

(Decided November 25, 1940.)

*Mr. Harry Friberg,* for appellee.
*Mr. Edward Lamb* and *Mr. Lowell Goerlich,* for appellant.

OVERMYER, J. On June 1, 1940, Pearl Unkle filed a notice of appeal in this court in the above-entitled action from proceedings had in the Court of Common Pleas, Division of Domestic Relations, which notice was in the following words:

"Now comes the defendant, Pearl Unkle, and hereby gives notice of appeal to the Court of Appeals from a judgment rendered by the Juvenile Court of Lucas county in the above-entitled cause on the 14th day of May, 1940, and including such other matters as are appealable in this cause. Said appeal is on questions of law."

The notice was intended as an appeal from the Juvenile branch of the Court of Common Pleas, Division of Domestic Relations. (Section 1639-7, General Code.)

A bill of exceptions was later filed, together with a transcript of the docket and journal entries and the original papers.

Thereupon the plaintiff, Grover Unkle, appellee herein, filed a motion to dismiss the appeal upon the ground that: "The notice of appeal filed by appellant is expressly directed to an entry of a specified date, which entry is not a final order," and upon this motion

hearing has been had and the same submitted to the court upon oral arguments and briefs:

The alleged final judgment of May 14, 1940, upon which the notice of appeal is based is an entry setting forth, by the court, a separate finding of fact and conclusions of law, in compliance with a request theretofore filed by defendant, Pearl Unkle, and this further order, viz.:

"And this cause coming on for hearing on defendant's motion for new trial, the court finds same should be and is hereby overruled. To all of the foregoing defendant is allowed exceptions."

The matters before the court below were motions filed by the defendant to show cause, and for lump sum judgment against the plaintiff in a divorce and alimony case wherein a divorce had been granted to defendant on her cross-petition in 1936, a minor child awarded to defendant's custody and certain orders made against plaintiff as to alimony. In 1937 the cause was certified to the Juvenile branch of the Court of Common Pleas, Division of Domestic Relations, and in August, 1939, the motions referred to were filed. These motions were overruled on January 22, 1940; a request for separate conclusions of law and fact and a motion for new trial filed January 25, 1940, followed by the entry of May 14, 1940, making the findings of fact and conclusions of law and overruling the motion for new trial.

The notice of appeal designates the judgment of May 14, 1940, as the one appealed from, and the only judgment entered on that date was the overruling of the motion for new trial, which is not a final order. *Anderson* v. *Local Union No. 413,* 29 Ohio Law Abs., 364, paragraph two of the syllabus and cases cited in that opinion; *Hauck* v. *Hauck,* 29 Ohio Law Abs., 575, paragraph one of the syllabus.

Counsel for appellant quite vigorously contend that the words in the notice of appeal, to wit, "and including such other matters as are appealable in this

cause," saves the appeal even though the entry of May 14, 1940, overruling the motion for new trial, be not a final order. The thought seems to be that it is somewhat like a statement frequently used by pleaders at the end of the prayer in a petition: "And such other and further relief to which the plaintiff in law and equity and good conscience may be found entitled;" or the assignment, after assigning specific errors: "Other errors appearing upon the face of the record."

Such construction of Section 12223-5, General Code, of the new Appellate Procedure Act would require a reviewing court to examine every record, page by page and from end to end, searching for final judgments which the appellant's counsel, either because they do not exist or through lack of legal ability or lack of interest in his case, could not or would not discover. The statute referred to is explicit, unambiguous and positive, and carries its own interpretation. "The notice of appeal shall *designate* the order, judgment or decree appealed from," etc. Section 12223-5, General Code. (Italics ours.)

In *Hauck* v. *Hauck, supra,* it is said: "This [designation of the order, judgment or decree appealed from] is jurisdictional and for that reason the appeal must be dismissed."

In *Mahaffey* v. *Stine,* 28 Ohio Law Abs., 361, it was held that where the notice of appeal is expressly directed to an entry of a specified date, which entry was not a final judgment, it could not be amended to refer to a judgment of a prior date to which the notice should properly have been directed.

The foregoing cited cases discuss at some length the question here involved and the discussions will not be here repeated. With the conclusions therein reached we agree, and the motion to dismiss the appeal herein will be sustained.

*Appeal dismissed.*

CARPENTER and LLOYD, JJ., concur.