## GENERAL SCHUYLER FIRE INS. CO. v SHUSTICK, et

Ohio Appeals, 2nd Dist, Franklin Co

No 3390. Decided July 16, 1941

Russ Bothwell, Columbus, for plaintiff-appellee.

Alex S. Dombey, Columbus, and R. E. Leasure, for defendants-appellants.

### OPINION

BY THE COURT:

The above-entitled cause is now being determined on motion of plaintiff-appellee to dismiss defendants-appellants' appeal for the reason that no praecipe for transcript of the docket and journal entries has been filed in the trial court nor the fees therefor

advanced through which said papers could be prepared and filed on the appeal.

Apparently under this numbered action. 3390, plaintiff-appellee caused to be filed in this court copy of the notice of appeal filed in the trial court.

The copy thus filed disclosed that the notice of appeal was given on the 5th day of May, 1941. Simultaneous with the filing in this court of the copy of notice of appeal was the filing of a motion to dismiss the appeal.

Supporting affidavit was filed therewith in which it was set out that the judgment described in the notice of appeal was rendered in the Municipal Court on May 2, 1941, with the further claimed fact that no transcript of docket and journal entries had been filed or through praecipe and payment of fees, the same to be prepared and filed by the Municipal Court. The motion to dismiss and accompanying affidavit were dated May 27, 1941.

Our court in the case of **Kline v Green et,** decided September 8, 1937, **25 Abs 240,** made the pronouncement that failure of appellant to file praecipe for transcript of the docket and journal entries within ten days after filing notice of appeal as prescribed in **§12223 GC,** was not ground for dismissing the appeal.

The Court of Appeals of the Third District in the case of **Cryer, Appellee v Conard, Appellant, 64 Oh Ap 351,** on March 4, 1940, likewise decided that failure to file a transcript of the record within ten days as required by **§12223-8 GC,** does not constitute ground for dismissal of appeal.

The motion to dismiss the appeal will be overruled. Entry may be prepared accordingly.

GEIGER, PJ., BARNES & HORNBECK, JJ., concur.