### LANGHORNE v LANGHORNE

Ohio Appeals, 2nd Dist, Franklin Co

No 2666.   Decided May 19, 1936

Howard H. Gillard, Columbus, for plaintiff.

R. E. Hughes, Columbus, for defendant.

#### OPINION

By THE COURT

This matter is submitted to the court upon a motion to dismiss the appeal for the reason that the notice of appeal was not filed within the time provided by law.

The record discloses that the order appealed from was entered by the Court of Common Pleas, Division of Domestic Relations, on February 3, 1936, and that the notice of appeal to this court was filed on March 17th, 1936.

The question now presented may be disposed of by reference to the sections of the statute which govern appeal. Under the provisions of §12223-7 GC, the notice of appeal must be filed within twenty days after the entry of the order to which exception is taken. §12223-4 GC reads as follows:

"The appeal shall be deemed perfected when written notice of appeal shall be filed with the lower court, tribunal, officer or commission. Where leave to appeal must be first obtained, notice of appeal shall also be filed in the appellate court. After being duly perfected, no appeal shall be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal shall be deemed to be jurisdictional."

It is apparent from an examination of this section that an appeal is not deemed to be perfected until the notice of appeal is filed with the lower court. It also appears that filing of the notice of appeal within the statutory period prescribed is a jurisdictional question and that failure to file the notice of appeal within time is ground for dismissal upon motion of the other party. There being no dispute upon the facts and it appearing from this record that the notice of appeal was not filed for more than twenty days after entry of the order appealed from, no alternative faces the court but to sustain the motion and dismiss the appeal.

A similar question was before the Court of Appeals of Wayne County in the case of Alvin H. Daily, Admr., etc. v Roy Dowty. (21 Abs 338; 6 OO 180; 3 NE (2d) 430; 52 Oh Ap 84). On March 31, 1936, as will appear in the printed opinion published in the Akron Legal News under date of April 10, 1936, the Court of Appeals of the Ninth District in that case held that it had no jurisdiction to entertain the appeal when notice of the appeal had not been filed within the twenty day period.

The motion to dismiss is sustained. Exceptions.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.