### BASINGER v YARIAN

Ohio Appeals, 7th Dist

L. J. Knight, Youngstown, for appellant.
Metzger, McCorkhill & Metzger, Salem, for appellees.

## OPINION

By CARTER, J.

The action below was one for personal injuries. The cause come on for trial to the court and jury, resulting in a verdict in favor of the plaintiff for five thousand dollars. A motion was made at the conclusion of plaintiff's evidence for a directed verdict which motion was by the trial court overruled, and a like motion made at the conclusion of all the evidence which motion was likewise overruled. Following the return of the verdict and within three days thereafter, to-wit on June 12, 1937, a motion for a new trial was filed and at the same time a motion for judgment for defendant notwithstanding the verdict of the jury. Various grounds were alleged in the motion for a new trial, among same being that the damages awarded to the prevailing party were grossly excessive and clearly appeared to have been given under the influence of passion or prejudice on the part of the jury, and further, that the verdict and finding of the jury is manifestly against the weight of the evidence. On November 24, 1937, the motion for judgment for defendant notwithstanding the verdict was by the trial court overruled and the motion for a new trial sustained. In making disposition of the motion for a new trial the court found, which finding is journalized, that the verdict of the jury is contrary to the weight of the evidence and that the amount of damages awarded by the jury was so manifestly against the weight of the evidence as to show a misconception by the jury of its duties in the premises.

Appeal is prosecuted to this court by plaintiff-appellant on questions of law. No judgment was entered on the verdict prior to the court making disposition of the motion for a new trial. It will be observed that the court made disposition of the motion for a new trial on the 24th day of November, 1937, being subsequent to the effective date of the amendment to §12223-2 GC, which amendment became effective August 23, 1937. This section as amended reads as follows:

"An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment, or an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, or an order vacating or setting aside a general verdict of a jury and ordering a new trial, is a final order which may be reviewed, affirmed, modified, or reversed, with or without re-trial, as provided in this title."

Appellant's specification of errors in this court are as follows:

First, that the court erred in sustaining the motion for new trial.

Second, that the court erred in holding that the verdict is contrary to the weight of the evidence.

Third, that the court erred in holding that the amount of the damages awarded by the verdict is so manifestly against the weight of the evidence as to show a misconception by the jury of its duties in the premises.

The following is also found in appellant's specification of errors:

"That on the 24th day of November, 1937, upon trial or hearing of the within case appellee obtained a final order and judgment by reason of the fact that the court sustained appellee's motion for new trial, and that this appeal is based upon §12223-2 GC, wherein it is held that an order vacating or setting aside a general verdict of a jury and ordering a new trial is a final order which may be reviewed, affirmed, modified, or reversed, with or without re-trial as provided in this title."

It will be observed that the appeal to this court is bottomed and prosecuted solely under one of the provisions of §12223-2 GC, to-wit, that "An order vacating or setting aside a general verdict of a jury and ordering new trial is a final order which may be reviewed, affirmed, modified or reversed with or without retrial, as provided in this title". Abuse of discretion on the part of the court is not urged in the specification of errors.

The appeal came on for hearing in this court wherein a motion was filed by defendant-appellee moving this court to dismiss the appeal and to strike all papers and documents filed by appellant in said cause on the grounds that the granting of a motion for a new trial is not such a final order as to permit appeal therefrom to the Court of Appeals, and §12223-2 GC, in so far as it defines a final order and makes reviewable an order vacating or setting aside a general verdict of a jury and ordering a new trial is unconstitutional, and that the court therefore has no jurisdiction to hear the appeal. This question has been considered and determined in the case of **Fulton v Madlener, 57 Oh Ap 345, (25 Abs 688), 11 O.O. 35**, a case quite similar to the case at bar wherein the court of the First District held:

"First, an order of a trial court granting a new trial is not a final determination of the rights of the parties, and is not such a final order as is reviewable by the Court of Appeals.

Second, the General Assembly has no power to enlarge or limit the jurisdiction of the Court of Appeals to review the orders of trial courts.

Third, §12223-2 GC, as amended in 117 Ohio Laws, in so far as it defines as a final order and makes reviewable an order vacating or setting aside a general verdict of a jury and ordering a new trial is unconstitutional."

**Sec Six of Article 4 of the Constitution of Ohio**, ratified and adopted by the people of the state in 1912, provides in part that the Courts of Appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo, and appellate jurisdiction in the trial of chancery cases, and to review, affirm, modify, or reverse the **judgments** of the Common Pleas Courts, Superior Courts and other courts of record within the district, as may be provided by law.

As above indicated, Courts of Appeal under this constitutional provision have jurisdiction to review, affirm, modify, or reverse the judgments of the lower courts of record. No provision is made therein whereby the Courts of Appeal may review final orders of the lower courts of record, but judgments only.

**Sec 11582 GC**, defines a judgment as follows:

"A judgment is the final determination of the rights of the parties in action."

By the same section an order is defined as follows:

"A direction of a court or judge made or entered in writing and not included in his judgment is an order."

The definition of judgments and orders as above defined have been upon the statute books of the state for many years dating back to **51 Ohio Laws 57** (1852) and was upon the statute books at the time of the adoption of the constitutional amendment in 1912.

What is comprehended or included in the term "judgments" as found in our constitutional provision? In **Oh. Jur. Vol 23, p 528**, is found numerous definitions of a judgment. However, it becomes unnecessary to repeat these various definitions of judgment as the Supreme Court of the state in the case of **Chandler & Taylor Co v Southern Pacific Company, 104 Oh St 188**, has defined that term as it now appears in **Sec Six, Article 4 of the Constitution** as amended in 1912. By that court, the word "judgment" as found in the present Constitution is defined as follows:

"The term comprehends all decrees and final orders rendered by a court of competent jurisdiction and which determine the rights of parties affected thereby."

It is clear from this definition that finality is the polar star; that a judgment as used therein contemplates and comprehends all decrees and **final** orders rendered by a court of competent jurisdiction and which determine the rights of parties affected thereby. It is clear that not only judgments must have the characteristic of finality, but orders of the court must have such characteristics as well. Prior to the amendment of §12223-2 GC, judgments or orders were not reviewable by the appellate Courts unless such judgments and orders made final disposition of the action

or some separate and distinct branch thereof. A decree is final which disposes of the whole merits of the cause or some separate and distinct branch thereof and leaves nothing for the further consideration of the court. **Kelly v Slanbury, 13 Ohio 408; Teaff v Hewitt, 1 Oh St 511; Railroad v Sloan, 31 Oh St 1; Carpenter v Canal Company, 35 Oh St 307; Securities Company v McDonald, 14 Oh Ap 56,** and cases therein cited.

For many years prior to the enactment of the amendment to §12223-2 GC, under circumstances such as disclosed in the case at bar, the granting of a motion for a new trial after verdict of a jury was not a final order reviewable unless in the granting of a new trial the court abused its discretion. To this effect see **Oh. Jur., Vol 2, p 143,** and the many cases cited thereunder supporting the text. See also **State v Green, 55 Oh Ap 239, (24 Abs 285), 8 O.O., 574, 57 Oh Ap 345, 11 O.O., 35 (25 Abs 688.)**

Does the provision of §12223-2 GC, wherein the legislature in defining a final order included therein an order vacating or setting aside a general verdict of a jury and ordering a new trial confer upon this court jurisdiction to hear and determine an appeal on questions of law where a new trial has been granted as in the case at bar? It is clear that the legislature by virtue of this amendment attempted to make the vacating or setting aside a general verdict of a jury and ordering a new trial a final order reviewable by the appellate court thereby clothing such an order with the characteristic of finality. Of course, such was not the case prior to this amendment unless the trial court abused its discretion in granting a new trial. In the case of **Cincinnati Polyclinic v Balch, 92 Oh St 415,** the court held that the Court of Appeals acquired its jurisdiction under and by virtue of §6, **Art 4 of the Constitution,** and that the General Assembly had no power either to enlarge or to limit that jurisdiction. Has the legislature in adopting this amendment attempted to enlarge the jurisdiction of the appellate courts? Prior to this amendment judgments and final orders were reviewable by the appellate courts—however, judgments and final orders only. In the Chandler & Company v Southern Pacific Company, supra, the court say:

"We appreciate the gravity of the legal problem here involved. But in its solution this court cannot adopt a construc-

tion so narrow as to deprive litigants of remedies enjoyed since the adoption of our civil code of procedure. Our bench and bar of this and preceding generations knew that the definitions of "judgments" and "final orders" had been engrafted upon our civil code and that our remedial procedure embraced the review of final orders; and undoubtedly, those who framed the Constitution of 1912 did not contemplate a restriction of those civil remedies continuously employed for a period of more than sixty years. While we may not permit the conferment of legislative jurisdiction upon the Court of Appeals under our present Constitution, it is permissible to define the term 'judgments' as used in the Constitution. At common law the term was used in a restricted sense. Lexicographers and others have variously defined it, some giving it restricted and others a broad and comprehensive meaning. We are satisfied that in order to effectuate the purpose of those who framed this amendment and in order to promote the object of the people in its adoption a technical definition should be disregarded and a broad and comprehensive meaning should be adopted. We, therefore, hold that it comprehends decrees and final orders rendered by a court of competent jurisdiction and which determine the rights of parties affected thereby. Were we to arrive at any other conclusion than herein announced, a a review of a large number of final orders affecting the substantial rights of litigants would be denied."

However, we are not convinced that at the time of the adoption of the Constitution in 1912 the people intended to confer jurisdiction upon the appellate courts to review orders not having the characteristics of finality, and as stated by the court in the Chandler & Company v Southern Pacific Company supra, that judgments as found in Sec Six, Art 4, comprehends decrees and final orders which determine the rights of parties affected thereby. Finality is the characteristic essential, not only in judgments, but orders of the court as well, and if the court makes an order which is not final as hereinbefore defined, then, and in that event, the appellate courts have no jurisdiction to review same.

The apparent purpose of the legislature in adopting this amendment was to make that which was not heretofore a final order such, thereby permitting the aggrieved party, without re-trial, to have the acts

of the trial court in granting a new trial reviewable without charging and establishing abuse of discretion on the part of the trial court in granting a new trial. However, this amendment in our judgment is an attempt to enlarge and confer upon appellate courts jurisdiction beyond that conferred by Sec 6, Art 4 of the Constitution whereby appellate courts have jurisdiction to review judgments and, by judicial construction, final orders as well. This amendment confers jurisdiction upon appellate courts to review orders not final, as the granting of a new trial as in the case at bar does not determine the action or result in a final determination of the rights of the parties, the order in the case requires a re-trial of the issues, and it is clear that such an order is not final.

It is therefore the conclusion of this court that the amendment in question, so far as an attempt is made to make the order of the trial court in vacating or setting aside a general verdict of the jury and ordering a new trial a final order which may be reviewed, affirmed, modified, or reversed, with or without re-trial, is unconstitutional.

The motion to dismiss the appeal is sustained.

NICHOLS, PJ and BENNETT, J, concur in the judgment.