## MAHAFFEY et v STINE et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1542.   Decided Dec 15, 1938

Gus W. Byttner, Dayton, and Mason Douglass, Dayton, for plaintiffs-appellants.

Shank & List, Dayton, R. N. Brumbaugh, Dayton, for defendants-appellees.

### OPINION

By BARNES, PJ.

The above entitled cause is now being determined on motion for appellees to dismiss the appeal on law and fact for the following reasons:

"1.  The notice of appeal on law and fact was not filed or taken within twenty days

after entry of the final judgment and decree.

"2. Said motion for new trial was not duly filed."

The action as filed and tried in the Common Pleas Court was one in chancery. The final entry finding all issues in favor of the defendant, dismissing plaintiff's petition and entering judgment for costs was filed and journalized July 16, 1938.

Motion for new trial was filed July 18th. The entry overruling the motion for new trial was filed and journalized September 15, 1938 and reads as follows:

"This cause came on to be heard upon motion of plaintiff to vacate and set aside the judgment and decree rendered for defendants herein and for a new trial for the reason that the decision is not sustained by sufficient evidence, that the decision is contrary to the weight of the evidence, that the decision is contrary to law, and for all errors in law occurring in the trial and excepted to by the parties making the exception. · On consideration whereof said motion is overruled."

On October 4, 1938, plaintiff filed notice of appeal, the same being in the following words and figures: ·

"Plaintiffs-appellants herein cause notice of appeal from a judgment rendered by the Court of Common Pleas in the above entitled cause on the 15th day of September, 1938. Said appeal is on questions of law and fact."

(Signer by attorneys for appellants.)

The overruling of motion for new trial is not a final order and hence counsel for appellants were in error in attempting to appeal from the order of September 15, 1938, overruling the motion for new trial.

The final judgment from which an appeal might have been taken was the entry dated July 16, 1938. §12223-5, GC, among other things, provides as follows:

"The notice of appeal shall designate the order, judgment or decree appealed from * * *."

We have previously had under consideration in other cases motions to dismiss the appeals where the notice of appeal failed to designate the order, judgment or decree appealed from. With some trepidation we have heretofore overruled motions to dismiss determining that in the cases before us the attempt to appeal from the final order, judgment was manifest.

We will not be able to flex the law so as to save appellants' appeal in the instant case for the manifest reason that the notice of appeal specifically designates the order appealed from. It is apparent that where the appellant plainly announces the order appealed from we can not say that he is appealing from some other order.

Under this situation it becomes necessary to dismiss the appeal although on somewhat different ground from that urged in appellees' motion to dismiss.

Had appellants' notice of appeal designated the judgment of July 16th, then there would have been presented the question that is argued pro and con in the briefs relating to the motion to dismiss. This would have presented an entirely different question and would . then turn on the construction to be placed on §12223-7, GC, wherein is contained the following provision.

"Provided that when a motion for new trial is duly filed by either party within three days after the verdict or decision, then the time for perfecting the appeal shall not begin to run until the entry of the order overruling the motion for new trial."

It is apparent that this quoted provision of the statute does not designate the entry of the order overruling the motion for new trial as a final order, but merely provides an extension of time for giving the notice of appeal. The appellant must still appeal from the final order but if the motion for new trial is duly filed the twenty day provision does not start to run until after the overruling of the motion.

On the question of what constitutes final orders this court had the question under consideration in 1935 in a Montgomery County case and a Shelby County case, both cases being reported in 51 Oh Ap as follows:

In Re Guardianship of Gausepohl, p. 261, Neth, Exr. v Neth, 267.

Many of the principles of law there announced are still applicable. There is, however, a modification of the rule through the above quoted portion of §12223-7, GC.

Under the state of the record we have no alternative but to dismiss the appeal.

HORNBECK and GEIGER, JJ, concur.