## CULTICE v DeMARO REALTY CO et

Ohio Appeals, 2nd Dist, Clark Co

No 401. Decided April 24, 1939

W. Y. Maher, Springfield; Olinger & Olinger, Springfield, for plaintiff-appellee.

Robert Morean, Springfield, for defendants-appellants.

## OPINION

By BARNES, J.

The above entitled cause is now being determined on motion of Myrtle Cultice, appellee, to strike case from docket for reasons set out in five separate specifications—as follows:

1. This proceeding is an equitable, or a chancery, action, asking the lower court to cancel and declare void certain written instruments which the appellants, Ralph E. Zirkle, Homer Evilsizer and Harriett Evilsizer, obtained from the appellee, Myrtle Cultice, through fraud and without any consideration. (See copies of which set forth in the final judgment entry filed in said case No. 29047 C. P. Court, August 23, 1938).

2. The final judgment entry setting aside said purported written instruments was filed in the court below on August 23, 1938.

On August 18, 1938, said plaintiffs and appellants, defendants, filed a motion for a new trial. Said motion for new trial being filed five days before said judgment entry filed August 23, 1938, was a nullity. On August 31, 1938, said appellants, defendants below, filed their notice of appeal on the question of (error) law (only).

3. Said plaintiffs and appellants have not since August 31, 1938, the date of the filing of their notice of appeal on a question of law, filed any assignments of error; nor have they filed their briefs as provided by Rule 8 of this court, as called for in §12223-21, GC.

4. More than seven months have elapsed since said notice of appeal was filed (August 31; 1938), and no assignments of error have been filed yet.

5. This case being a proceeding in equity, the time for perfecting appeal on a question of law is not extended by the filing of a motion for a new trial.

The scope of the motion can best be understood by a recital in chronological order of various steps taken in the original action.

The case has been pending for several years and certain phases of the controversy reached our court on two previous occasions.

On November 6, 1937, plaintiff, Myrtle Cultice, by the consideration of the Court of Common Pleas obtained a joint judgment against defendants, Homer Evilsizer, Harriett Evilsizer and Ralph E. Zirkle, in the sum of $1,124.15, and $61.25—costs.

Thereafter, execution was issued and levy made on certain real estate situated in Clark County, Ohio.

Shortly thereafter, the three defendants obtained from Myrtle Cultice a release of said judgment.

On February 17, 1938, the defendants filed motion in the Court of Common Pleas to dismiss the judgment and execution.

On March 4, 1938, Myrtle Cultice, through her attorneys, filed motion and application to cancel said release of judgment on the claimed ground that same was obtained by fraud.

On August 12, 1938, after hearing, the trial court released a written opinion sustaining plaintiff's motion to cancel the purported release of judgment.

On August 18, 1938, according to transcript of docket and journal entries, defendants filed motion for new trial, although no judgment entry had been filed or journalized.

On August 23, 1938, journal entry was filed, and journalized, in accordance with the written opinion of the trial court, filed August 12, 1938.

On August 31, 1938, the defendants filed notice of appeal in the following words and figures, omitting the formal parts:

"The defendants hereby give notice of appeal to the Court of Appeals from the decision rendered by the Court of Common Pleas in the above entitled cause on the 11th day of August, 1938.

Said appeal is on the question of error."

(Signed) Robert Morean, Attorney for Appellants.

It at once appears that this notice of appeal is defective for the reason that no final judgment appears to have been entered under date of August 11, 1938.

The nearest approach to this date was August 12, 1938, when, according to the transcript of docket and journal entries, the trial court filed in the Clerk's Office his written decision.

A written decision is not a judgment, nor does it take the place of the verdict of a jury, and this court so held in this very action at a previous term when a petition in error was before it on another question. (The written opinion will be found among the papers).

The notice of appeal filed August 31, 1938, may not be construed to apply to the final judgment of August 23, 1938, for the reason that under its express language it refers to a decision of a previous date.

This court has frequently stated that where the notice of appeal makes no reference to the nature or the date of the order appealed from, that the appeal will not be dismissed but we have indulged in the presumption that the appellants intended to appeal from the last final judgment which was appealable.

Rather recently in two cases decided at different times, we have held that where the notice of appeal refers to a specific judgment, either by date or substance, which is not a final order, the appeal will be dismissed for the reason that we are unable to indulge the presumption of an intention where the appellant has expressly stated otherwise.

**Mahaffey v Stine,** Montgomery County (28 Abs 361)—opinion released December 15, 1938;

**Anderson v Local Union, etc., et al.,**

No. 2914, Franklin County (29 Abs 364)—opinion released March 29, 1939.

There also is a minor infirmity in the notice of appeal in that it states—"Said appeal is on a question of error", whereas it should state—on a question of law. However, this would not be vital.

Apparently nothing further was done under this notice of appeal, and this is an additional reason why this notice of appeal is inactive and may be stricken from the record.

This does not necessarily mean a final disposition of the case for the reason that further proceedings were had and a subsequent notice of appeal filed.

It is unmistakable from the docket and journal entries and the original papers filed therewith, that the three defendants, through their counsel, were seeking action on their motion for new trial, which bears the file marks of August 18, 1938, and for some reason counsel filing the motion was contending that it should bear date subsequent to the judgment of August 23, 1938.

We gather this from the fact that it appears that on November 23, 1938, plaintiff filed a motion for re-hearing, wherein is made reference to an oral finding and order of the court that a motion for new trial should be held to have been filed in the statutory time after entry of final judgment.

On January 31, 1939, the following entry was filed and journalized:

"A motion for the plaintiff in the above-entitled case having been heard and after examination of the records and of the deputy of the Common Pleas Court Clerk, R. L. Swanton, the court finds reason to believe and does believe and here so orders that the records of the Clerk of Courts shall be made to show that the motion for a new trial made by the defendants was filed within the statutory time as required by law.

Further, at this time and by this entry, after careful consideration, the court overrules the defendants' motion for new trial as being not well taken."

On February 17, 1939, the defendants

filed the following notice of appeal, omitting the caption and formal parts:

"The defendants hereby give notice of appeal to the Court of Appeals from the decision rendered by the Court of Common Pleas in the above-entitled cause. Said appeal is on a question of error."

(Signed) Robert Morean, Attorney for Appellants.

This notice of appeal also has infirmities, but they are not vital.

While §12223-5, GC, requires "the notice of appeal shall designate the order, judgment or decree appealed from and whether the appeal shall be on question of law or question of law and fact," yet as heretofore stated we have held similar notices a good appeal through liberality of construction.

This notice of appeal will be given application as a notice of appeal on the final judgment journalized August 23, 1938, if found to be filed within time. Prior to the new Procedural Act, an appeal in chancery would not be within time, and this was the situation this court was considering in the particular branch of this case referred to by counsel for appellee and reported in **16 Abs 397**. The rule is modified by **§12223-7, GC**. The section among other things, prescribes generally that appeals shall be filed within twenty days after the entry of the order, judgment, decree or other matter appealed from. This section contains the following poviso:

"Provided, that, when a motion for a new trial is duly filed by either party within three days after the verdict or decision, then the time of perfecting the appeal shall not begin to run until the entry of the order overruling or sutaining the motion for new trial."

According to Professor Dawson (see Dawson's Book on New Procedural Act), the intent of this proviso was to make identical provisions in actions at law or actions in equity, where the grounds of error were on factual questions.

Applying this rule to the instant case—the notice of appeal is within time,

The motion for new trial not having been overruled until February 16, 1939, the statute was tolled from August 23, 1938, the date of the final judgment, until such overruling. Of course, the order overruling the motion for new trial is not a final order. The only final order was the judgment of August 23, 1938, but as heretofore stated the statute was tolled as long as the motion for new trial was pending and not decided. Furthermore, the motion for new trial can not be said to have been determined until entry was filed and journalized.

Following the notice of appeal, counsel for appellants, on March 10, 1939, filed in triplicate his brief, and also in triplicate what he designates "Petition". A reading of the latter indicates that they might be properly designated assignments of error, and we will accept them as such. The erroneous designation "petition", will be considered as surplusage.

Examining the document, which we have graciously designated an assignment of error, and also appellants' brief, we ascertain for the first time that apparently counsel for appellants is basing his error upon the claim that Judge Owen, of Urbana, Ohio, sitting by designation in Clark County, determined the issuable questions upon evidence taken before the local court, Judge Davis.

We find no bill of exceptions, no findings of fact, and no judgment entries presenting this situation. Nothing being presented through which this question can be determined, and no other errors being claimed or appearing, the court will, on its own motion, affirm the judgment of the trial court, since the time for filing bill of exceptions has long since passed.

Parenthetically, we might say that we have gone beyond the scope of appellee's motion, and since there is a bare chance that a bill of exceptions has been filed but not entered in the transcript of docket and journal entries as

it should be, we will give appellants the opportunity, on application for re-hearing, to show that the factual questions upon which they base their claimed errors are properly before us.

In the interest of using a little more care in the future, we might state that never has there been presented to us a case in which there were so many irregularities.

Another irregularity to which we have not called attention is that the parties plaintiff and defendant are erroneously entered. Under the new Procedural Act the parties never change—and applying this rule, Myrtle Cultice should appear as plaintiff-appellee, and the three defendants as appellants.

HORNBECK, PJ. & GEIGER, J, concur.