## COVINGTON BUILDING & LOAN ASS'N. v YOST, et

Ohio Appeals, 2nd Dist, Miami Co.

No. 395.   Decided May 13, 1940.

Kerr, Kerr & Kerr, Troy, for plaintiff-appellee.

Michael E. Norris, Troy, for defendants-appellants.

## OPINION

By BARNES, J.

The above entitled cause is now being determined on plaintiff-appellee's motion to dismiss the appeal for the following reason, to-wit:

"The notice of appeal was not filed within the time required by law."

The state of the record presents another question as to why the appeal should be dismissed, and both are jurisdictional.

The briefs of counsel, particularly that of counsel for appellant, take a very wide scope and discuss many interesting questions outside of and beyond that of jurisdiction.

Sec. 12223-7 GC prescribes the time for perfecting appeals. Since the adoption of the new Procedural Act reviewing courts have repeatedly held that the filing of notice of appeal within the statutory period is jurisdictional. This principle is so well recognized that we deem it unnecessary to make a citation of authorities other than one which comes to our attention: **Langhorne v Langhorne, 22 Abs 178.**

The action was one in chancery, seeking to set aside a deed of conveyance on the ground of fraud; the appointment of a receiver, the marshalling of liens and the sale of the premises. Issues were joined and judgment returned for the plaintiff. Final entry was journalized on August 8, 1939. On August 10 following, motion for new trial was filed, and on August 16, application for rehearing was filed. On January 16, 1940, both motions were overruled, as appears by the following journal entry:

"This cause came on this day to be heard on the motion for rehearing and motion for a new trial, and upon agreement of counsel and due consideration the court finds said motion not well taken and does therefore overrule same, to which findings and rulings of the court, defendants, by their counsel, except."

On February 3, 1940, defendant files the following notice of appeal, omitting the caption:

"The defendants hereby give notice of appeal to the Court of Appeals from the judgment rendered by the Common Pleas Court in the above entitled cause on the 16th day of January, 1940. Said appeal is on questions of law."

The notice of appeal was duly signed by counsel for the appellants.

It at once appears that the appeal was not taken from a final judgment. It has been repeatedly held in this state that the overruling of a motion for new trial is not a final order. Our court so determined in the case of **Mahaffey v Stine, 28 Abs 361,** first syllabus.

Our court in 1935 discussed at length as to what constitutes a final order. **In re Guardianship of Gausepohl** (Shelby County), **51 Oh Ap 261; Neith, Exr. v Neith** (Montgomery County), **51 Oh Ap 267.**

In both cases the proceedings in error were instituted before the effective date of the new Procedural Act. However, many of the principles of law therein discussed are still applicable.

Within the last few years the Legislature of Ohio, by amendment, sought to provide that the sustaining of a motion for new trial would be a final order. **Sec. 12223-2 GC.** The Supreme Court of Ohio declared this enactment to be unconstitutional. **Hoffman, et v Knollman, et, 135 Oh St 170; The State of Ohio v Wright, 135 Oh St 187.**

674

In the instant case counsel for appellant should have appealed from the final judgment entered on August 8, 1939. His time for filing appeal would have been proper had he indicated that he was appealing from the final judgment of August 8, 1939.

Prior to the enactment of the new Procedural Act, it would have been necessary to take the procedural steps for review either on appeal or petition in error at an earlier date, even though a motion for new trial was pending and not disposed of. We discussed this principle very fully in the Gausepohl and Neith cases above referred to and reported in **51 Oh Ap 261 and 267.**

The new Procedural Act appropriately provides for the tolling of the statute pending the determination of the motion for new trial. We refer to §12223-7 **GC,** the third paragraph of which reads as follows:

"Provided, that, when a motion for new trial is duly filed by either party within three days after the verdict or decision then the time of perfecting the appeal shall not begin to run until the entry of the order overruling or sustaining the motion for new trial."

There was no necessity for this rule except as it applied to chancery cases or cases not triable to a jury, for the reason that in cases tried to a jury judgment entry should not be filed until the expiration of the time for filing motion for new trial, and if motion for new trial is filed, not until such motion was passed upon.

The above quoted portion of §12223-7 **GC,** takes care of all other cases, but in a different manner. The final judgment may be entered immediately following the decision, but if motion for new trial is duly filed within three days, the time for filing notice of appeal is tolled so long as the motion for new trial is not disposed of. Following disposition of the motion for new trial (if duly filed), the notice ▮▮▮▮▮▮▮ ▮ of appeal must then be taken not from the overruling of such motion, but from the

final judgment entered at an earlier date.

We discussed this very fully in the case of **Mahaffey v Stine,** supra, **28 Abs 361** and in **Anderson v Local Union No. 413, 29 Abs 364.**

Sec. 12223-5 **GC** authorizes the Appellate Court to amend the notice of appeal in furtherance of justice. In a proper case we might make such order on our own motion, although it is probably contemplated under the statute that application be made for such amendment. No such application was made in the instant case, nor would we order such amendment if application was made.

We have committed ourselves to the rule that since the notice ▮▮▮▮▮▮ ▮ of appeal is jurisdictional and appellant in their notice specifically designates their intention to appeal from a finding that is not a final order, we will not "flex the law so as to save appellants' appeal, * * * for the manifest reason that the notice of appeal specifically designates the order appealed from. It is apparent that where the appellant plainly announces the order appealed from he can not say that he is appealing from some other order." **Mahaffey v Stine, 28 Abs 363.**

Counsel for appellant in their brief stress at length their application for rehearing and particularly on the question raised therein that the trial court failed to decide the case within the statutory period after same was submitted. Counsel argue that thereby the trial court lost jurisdiction to make a final determination. This question is not before us for several reasons. The application for rehearing is not a prescribed remedy under the ▮▮▮▮▮▮ ▮ Code. In some jurisdictions is it provided by rule, but even then it does not have the effect of tolling the statute as to the time for filing the appeal. Ordinarily, applications for rehearing are filed following the court's announcement and before the filing of the journal entry.

The sole and only question for our determination is whether or not our

court has jurisdiction to consider the appeal.

We have no alternative but to determine that we do not have jurisdiction, and for the reason that the notice of appeal was taken to a journalized entry overruling motion for new trial, which is not a final order.

During the week of April 29 we made a similar determination in a Franklin County case, presenting identical facts.

The notice of appeal will be dismissed.

HORNBECK, PJ. & GEIGER, J., concur.