**MALONE v INDUST. COMM.**

Ohio Appeals, 1st Dist; Hamilton Co

No 5908. Decided Jan 27, 1941

Davies, Hoover & Beall, Cincinnati, for appellee.

E. A. Schott, Cincinnati, for appellant.

**OPINION**

By MATTHEWS, J.

This is an appeal from an order sustaining a motion for a new trial. It comes before the court on the motion of the appellee to dismiss the appeal, on the ground that the order appealed from is not a judgment or final order, and on the appellant's motion for leave to amend the notice of appeal to show that the order appealed from was the order overruling its motions for an instructed verdict.

The notice of appeal specifically recites that the appeal is "from an entry sustaining the motion for a new trial—in the above entitled case on the 5th day of October, 1940." There is no uncertainty in this language, and there can be no doubt as to the intention of the appellant at the time of filing the

notice. Unamended, it presents the question whether this order granting a new trial in this case is appealable. As such, an order has not an unvarying attribute of appealability or non-appealability. The record of the case must be examined to place it in its proper category. If the order was made as the result of an abuse of discretion, it is appealable. If there was no abuse of discretion, it is not appealable.

Now what is meant by an abuse of discretion in this connection? That question has been answered in the case of **Steiner v Custer, 137 Oh St 448,** the second paragraph of the syllabus of which is as follows:

"The meaning of the term 'abuse of discretion' in relation to the granting of a motion for a new trial connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court."

In this case it is asserted that the court admitted the testimony of a company physician over the objection of the plaintiff, and on the motion for a new trial concluded that he had erred, and on that ground, among others, granted the new trial. It is not claimed that the court acted unreasonably, arbitrarily, or unconscionably in so doing. At most, it was an error of law. The granting of a motion for a new trial under such circumstances is not appealable.

Now can the notice of appeal be amended, so as to bring before the court for review another order, or orders, that were appealable? Specifically, can this notice be amended by adding thereto notice of appeal from the orders overruling the motions for an instructed verdict? It seems to us that this would not be an amendment, but, rather, the substitution of a different notice for the one that was filed and thereby a new appeal for the one that was filed. While the court is empowered to permit amendments by

§12223-5 GC, we do not think such a substitution comes within either the letter or the spirit of that section. **Williams v Braun, 65 Oh Ap 451.**

The motion to amend is overruled and the motion to dismiss is granted.

HAMILTON, PJ. & ROSS, J., concur.