**REINKER, etc. v ROE, et**

Common Pleas Court, Cuyahoga Co

No 494224. Decided April 2, 1941

Russell N. Chase and Dan Houck, of Cleveland, for plaintiff.

Carr & Hanna, Sayre, Vail & Dorn, C. W. Deutsch, Squire, Sanders & Dempsey, McKeehan, Merrick, Arter & Stew-

art and George William Cottrell, of Cleveland, for defendants.

## OPINION

By HURD, J.

This action is brought in the nature of a class suit on behalf of and for the benefit of the plaintiff, a member of the United Employees' Association of the United Bank, a voluntary unincorporated association, and all other members of said association similarly situated. In brief, the plaintiff claims that the association was mismanaged and defrauded by certain officers of the employer bank through unauthorized loans and investments which are alleged by the plaintiff to have been made with fraudulent intent and solely for the benefit of the individual defendants.

The question presently before the court arises upon the application of certain members within the class which the plaintiff claims to represent, to be permitted to intervene by becoming parties plaintiff in the action, and thereupon to have an entry of voluntary dismissal as against these defendants without prejudice to another action. The original plaintiff has filed a motion to vacate the previous order of the court allowing these parties to intervene as parties plaintiff, and also a motion to strike from the files their motions to dismiss as to the defendants without prejudice to future action.

These matters are presented to the court through two applications and two motions as follows:

1. Application of William Grief, E. L. Mower. C. M. Collier, Joanna Muntyan. Albert J. Reese and Walther Shutenberg, wherein they set forth that having assigned to one J. A. Zimmer the claims formerly owned by them as a member of the class; they join with the said J. A. Zimmer in his application for dismissal of the action as to them and as to any interest which they or any of them may have in the case.

2. The application of J. A. Zimmer, a new defendant, wherein he alleges the assignment to him of the claims of the members of the class referred to in application above, and prays that if this court grants the application of the new parties plaintiff herein filed, and dismisses as to them and their interest in the action, that this court then dismiss from this case without prejudice all of the claims against the original defendants herein formerly owned by said new parties plaintiff, and now owned by this new defendant.

3. Motion of plaintiff for an order vacating the former order of this court granting leave to the new parties plaintiff to become parties herein.

4. Plaintiff's motion to strike from the files the applications for dismissal as to the new parties plaintiff, and J. A. Zimmer, new party defendant above referred to.

The applications to intervene as parties plaintiff having been previously allowed by the court, there was an oral hearing upon the applications of said parties to dismiss without prejudice. At said hearing the parties gave testimony under oath indicating their membership in the class, and their determination not to carry on the litigation to establish any rights or claims which they individually might have as members of the class against the defendants; likewise their desire to terminate the litigation and to dismiss the action as to themselves.

Thereupon counsel argued orally and upon application were granted leave to file briefs citing additional authorities. Without discussing the applications and motions in detail, it appears to the court that the fundamental issue raised at this time is whether or not the original plaintiff has an absolute right to represent all members of the class without respect to their will in the matter.

The intervening plaintiffs contend that they have a right in first instance to assert themselves as members of a class and to become parties of record in a class suit for the purpose of disclaiming any interest or benefit from the suit as conducted by the original plaintiff.

The original plaintiff contends that the applications for intervention and then for dismissal are made for the purpose of defeating the objects and

purposes of the class suit. They argue that the intervening parties being beneficiaries of a class can only intervene as co-plaintiffs, providing they are willing to take the case as they find it and desire the relief sought by the original plaintiff. It is their claim that the intervening parties are seeking to intervene for the purpose of controlling or exercising dominion over the suit along lines contrary to the interest of the original plaintiff.

Counsel for the original plaintiff also contend that these intervening plaintiffs, being still in the employ of one of the defendants, are dominated by said defendants, and therefore they should not be heard to say that they do not desire to continue this litigation as to themselves. It is their claim that the employer defendant has control and dominion over them and that they are not in fact free agents in a position to act according to their own best interests.

The averment of plaintiff in a class suit that he or she has a right to represent to members of a class presents a vital and important issue. It has been definitely settled that if such a plaintiff can not establish actual authorization to represent the class, the courts will not permit such a plaintiff to maintain the action. In other words it is contrary to the general policy of the law to permit such claims of representation unless they are supported. Stripped of all procedural nomenclature it is definitely clear that these parties appear for the purpose of denying the right of the plaintiff to represent them in this class suit. They assert that if they do have claims they wish to abandon them. The plaintiff has averred that she represents these parties and thus the issue is raised.

In the case of **Carpenter v Canal Co., 35 Oh St 307,** the court says on page 315:

"The parties were very numerous, and aside from the provisions in the mortgages allowing one to prosecute for the others, **the statute, which accords with the rule in equity, provides** that 'where the question is one of a common or general interest of many persons, or when the parties are very numerous, and it may be impracticable to bring them all before the court, one may or more may sue or defend for the benefit of all.' R. S. §5008. (§11257 GC). And no doubt a judgment or order in such case is binding on all persons standing in the like predicament; but the court will take 'care that sufficient persons are before it honestly, fairly, and fully to ascertain and try the general right in contest'." Story's Eq. Pl. §120.

In the case of **Platt, etc v Colvin et, 50 Oh St 703,** the court says on page 708:

"Under such circumstances, as there is a privity of interest, the court will allow a bill to be brought by some of the parties in behalf of themselves and all the others, taking care that there shall be a due representation of all substantial interests before the court."

In the case of **Kealey v Faulkner, 7 N. P. (N.S.) 49,** at page 53 the court said:

"Enough persons must be brought in, both as plaintiffs and as defendants, to fairly represent those not brought in, in order that the court may see that the common interest is represented."

In the light of these and other authorities and based on reason and logic it is our view that in a class suit such as this involving only the rights and claims of members of a voluntary, unincorporated association, no one person has a prescriptive, pre-emptive or exclusive right to represent other persons in such litigation against their will, and this is entirely without respect to whether or not it appears to be in the interest of such other persons to carry on the litigation. Where parties are free agents, they have a right to determine for themselves whether or not they will be parties plaintiff, and whether

or not they shall be represented as parties plaintiff in litigation by some other member of a class.

Parties who are in all respects sui juris may not be compelled against their will to carry on or to participate in litigation or to be bound by the results thereof, which for reasons best known to themselves they do not wish to carry on. Under our constitutional guaranties every person has the right to assert claims or to refuse to assert claims against others as he may desire. The position of the plaintiff in this action as evidenced by argument and brief would require these persons, contrary to their own desires, to carry on litigation against their own best interests, as they see it.

It is our conclusion therefore that these parties have a right to appear for the purpose of contesting the plaintiff's claim that she represents them and to have the action dismissed without prejudice as to them. They do not, of course, have the right to prevent the plaintiff from pursuing the action for herself on behalf of herself and on behalf of other members of the class who are willing to participate therein. The consent of members of a class to allow other members to represent them is presumptive only and not conclusive. The presumption may be most effectually rebutted by the actual appearance of members of the class to deny the plaintiff the right to represent them and they are not obliged to give any accounting to the plaintiff as to their reasons therefor.

Entertaining these views therefore, the motions of the intervening plaintiffs to dismiss without prejudice is granted. The motion of the defendant J. A. Zimmer, holding assignments from the intervening plaintiffs to dismiss without prejudice, is likewise granted, and the motions of the plaintiff to vacate the order for leave to intervene and to strike the applications for dismissal are overruled. Exceptions may be allowed to all proper parties.