**MANHATTAN TERRAZZO BRASS STRIP CO. INC. v BENZING & SONS**

Ohio Appeals, 2nd Dist, Franklin Co

No 3430. Decided Dec 8, 1941

E. D. Howard, Columbus, for plaintiff-appellee.

L. C. Barker, Columbus, and George A. McGrath, Columbus, for defendants-appellants.

**OPINION**

By HORNBECK, J.

Submitted on motion of plaintiff-appellee to dismiss the appeal on the grounds that:

(1) The purported notice of appeal does not set forth any judgment or final order of the Common Pleas Court which may be reviewed, affirmed, modified or reversed by this Court.

(2) No notice of appeal has been filed within twenty days after the entry of any order mentioned in the purported notice.

(3) No notice of appeal whatever has been filed within the statutes;

and upon a motion of defendants-appellants for leave to amend their notice of appeal by specifically stating that said appeal is taken from the final judgment of the Court of Common Pleas rendered and entered on September 22, 1941, and to grant appellant an extension of fifteen days in which to have prepared and settled in the lower court a bill of exceptions in the furtherance of justice.

Although there are three branches of the motion to dismiss, each and all are directed to the one question, namely, does the notice of appeal conform to §12223-5 GC. in that it designates the order, judgment or decree appealed from.

The judgment entry in this case went on after trial had, jury waived and motion for new trial overruled, and bears date September 22, 1941. The notice of appeal was filed September 30, 1941. It recites that the appellants, who are the defendants, give notice of appeal to the Court of Appeals, from the orders and judgments rendered by the Common Pleas Court in the above entitled case on the following dates, to-wit: then are set forth five subheadings, all of which are directed to orders of the trial judge prior to the overruling of the motion for new trial and the entry of final judgment. They relate to the sustaining of plaintiff's demurrer to the second defense of defendants' answer, the sustaining of plaintiff's motion to strike the fifth defense from defendant's answer, the overruling of defendants' demurrer to plaintiff's petition, the overruling of defendants' motion to quash the service of summons and return thereof and to set aside such summons and the overruling of defendants' motion for judgment on the pleadings. The appeal is noted

as on questions of law. All of the orders set forth in the notice were prior to September 22, 1941, the date of the final judgment, and no reference whatever is made to said judgment by identity or date.

We are favored by extended briefs of the parties on the motion to dismiss. We are cited to **Cemetery Co. v Cuyahoga Co., 137 Oh St 388-9; Ryan v Kroger Grocery & Baking Co., 56 Oh Ap 469; Basinger v Yarian, 26 Abs 647,** all of which define what constitutes a final order or judgment from which an appeal may be prosecuted. We may readily accede to all that is expressed in these cited cases and give them specific application, and agree that the notice of appeal in this case makes no specific reference to any judgment or final order. Nor is the situation presented like unto that considered in **Kline v Green, 25 Abs 240,** wherein we hold that:

"The failure to designate specifically the order, judgment or decree appealed from in the notice of appeal as required by §12223-5 GC, is not ground for dismissing the appeal, where there is but one final order, judgment or decree from which an appeal can be taken, although it would be better practice to conform with the language of the statute,"

because in the Kline case there was no attempt to specifically designate any order or judgment from which the appeal was to be prosecuted. Here the notice is specific. Counsel for appellant is critical of our observation in the opinion in Kline v Green that "the case of Parker, et v Ingle et is directly in point". Our statement was correct, but counsel fails to observe that it was directly in point not upon the question which we here consider, but upon ground No. 2, which we were considering in Kline v Green. Counsel likewise is impressed by the better reasoning of the dissent in Parker v Ingle than in the decision of the majority. We doubt if it is any longer an open question in Ohio if the failure to give bond under

§12223-6 GC is a jurisdictional requirement in an appeal on questions of law and fact which will prevent the prosecution of an appeal on questions of law. In any event, until this Court has reversed or modified its former judgment it will be bound thereby.

The notice of appeal in the instant case is very much like unto the notice in **Cultice v DeMaro Realty Co., et, 29 Abs 566,** wherein the only paper to which the notice of appeal could apply was a written decision of the Court filed many days before the judgment entry, and in **Mahaffey et v Stein et, 28 Abs 361,** wherein the notice of appeal was specifically directed to the overruling of a motion for new trial, which was designated as the judgment in the cause. We were of the opinion in both of these cases that the appellants having stated the action of the court, which they designated as judgments, failed to sufficiently designate the judgments appealed from, for the obvious reason that the orders of the court were not final orders nor judgments. Other courts took a like view of the matter in **Unkle v Unkle, 66 Oh Ap 364; Malone v Industrial Commission, 66 Oh Ap 505; Williams v Braun, et, 65 Oh Ap 451; Miller's Appeal v The Stair Co., 57 Oh Ap 485.** All of these cases, however, were decided before the opinion of the Supreme Court in **Couk v Ocean Accident & Guaranty Corp., 138 Oh St 110.**

In the Couk case the Supreme Court supported the action of the Court of Appeals in permitting an amendment to the notice of appeal, changing the date upon which the judgment sought to be appealed from was rendered, to November 14, 1939, instead of November 13, 1939, as carried in the original notice. It appeared that there was no judgment of date November 13, 1939. There would seem to be no doubt of the correctness of this pronouncement of the Supreme Court, because clearly the notice was directed to a judgment and the only judgment. Inadvertently, the date of that judgment was incorrect by one day. This, obviously, was inconsequential, and it certainly would

have been technical and not in the interests of justice nor in the furtherance of a liberal interpretation of the appellate act to have refused the amendment. We would not at all be concerned by the judgment in the Couk case upon the right to amend the notice of appeal in that case, but we are cognizant of the statement of Judge Bettman in the opinion at page 116, wherein he says:

"This court has stated in **Capital Loan & Savings Company v Biery, 134 Oh St 333, 339, 16 N. E. (2d) 450,** that the purpose of the notice of appeal is 'to apprise the opposite party of the taking of an appeal'. If this is done beyond danger of reasonable misunderstanding, the purpose of the notice of appeal is accomplished. The Court of Appeals may then permit the notice of appeal to be amended generally 'in the furtherance of justice for good cause shown'."

We had given the judgment in this case a more limited interpretation than Judge Bettman.

Although the Couk vase was certified by the Court of Appeals of Cuyahoga County as being in conflict with our judgment in Cultice v Demaro Realty Co., supra, the Court does not mention nor discuss the correctness of our determination in the Cultice case.

If there was any doubt as to the scope of the Couk case, it has been dissipated by the latest decision, **Mosey v Hiestand, 138 Oh St 249,** reversing this Court, wherein we held that an appeal was ineffective where the notice not inadvertently, but purposely, was specifically directed to an order of date February 9, 1940, which order was not a judgment but the overruling of a motion for a new trial.

The Supreme Court held the notice was sufficient to meet the jurisdictional requisites to perfect an appeal and could be amended to refer to the only judgment in the case, which was rendered more than a month prior to the overruling of the motion for a new trial. This must be true if, as the Su-

preme Court has held, the only purpose of the notice of appeal is to give notice to the opposite party without more, as an appeal is to be prosecuted to the judgment in the case. The construction placed upon the §12223-5 as to the requisites of the written notice of appeal is most liberal in view of the language of the section, that it "shall **designate** the order, judgment or decree appealed from * * * ".

The motion to dismiss will be overruled and the motion for leave to amend the notice of appeal will be sustained.

The second branch of appellant's motion asks the Court to grant an extention of time within which to have a bill of exceptions settled and allowed in the trial court. We have no such authority when the appeal is upon questions of law only.

GEIGER, PJ. and BARNES, J., concur.