BEACH ET AL., APPELLEES, *v.* ROWEKAMP ET AL., APPELLANTS.

(No. 157—Decided October 22, 1943.)

*Messrs. Nichols, Speidel & Nichols,* for appellees.
*Mr. Charles E. Dornette* and *Mr. Harry Britton,* for appellants.

HILDEBRANT, J.  This is an appeal on questions of law from the granting of an injunction against the violation of certain building restrictions contained in the recorded plat and the various deeds pertaining to a residential allotment.

On motion to dismiss the appeal, the record reveals the following:

The opinion of the trial court was filed on March 18, 1943.

The judgment entry was filed April 8, 1943.

A motion for new trial was filed on April 10, 1943.

An entry overruling the motion for a new trial was filed on May 25, 1943; the order overruling such motion having been actually made on May 24, 1943.

The notice of appeal was filed June 1, 1943.  It is as follows:

"Now come Harry L. Rowekamp and Edna Rowekamp, defendants-appellants and give notice of appeal from the judgment and final order made herein on May 24, 1943.

"Said appeal is on the question of law."

The motion to dismiss the appeal will be sustained without extended discussion, since it is apparent the instant appeal is attempted from the overruling of the motion for a new trial, which is not a final order.  A specific entry of specific date being referred to in the notice of appeal, this court will not indulge the presumption that appellants intended to appeal from the last final judgment, which was appealable, the appellants having expressly stated otherwise in the record and in open court; nor does the power of the court, by way of granting leave to amend, extend sufficiently to be available here.  *Williams* v. *Braun,* 65 Ohio App.,

451, 30 N. E. (2d), 363; *Mahaffey* v. *Stine,* 28 Ohio Law Abs., 361; *Cultice* v. *DeMaro Realty Co.,* 29 Ohio Law Abs., 566. See, also, *Malone* v. *Industrial Commission,* 66 Ohio App., 505, 36 N. E. (2d), 52.

In view of the above holding, the court will not discuss other questions raised except to say that having reserved its ruling on the motion and examined the cause on its merits the court feels the judgment of the court below would in any event have to be sustained.

The appeal is dismissed.

*Appeal dismissed.*

Ross, P. J., and MATTHEWS, J., concur.