McKINNEY ET AL., APPELLANTS AND APPELLEES, *v.*
McKINNEY, EXR., ET AL., APPELLEES.

(No. 1162—Decided November 17, 1960.)

*Messrs. Durbin, Navarre, Rizor & Dapore,* for appellants.
*Mr. James C. Blair* and *Mr. James I. Hunt,* for defendants-appellees.

MIDDLETON, J. This is an action to contest the last will and testament of Otto McKinney. All the heirs-at-law of the testator were joined as parties plaintiff and Donovan McKinney, Executor, and The Salvation Army, as sole devisee and legatee under the will, were named as the only defendants.

The testator died April 5, 1959, and the purported last will and testament of the testator was admitted to probate by the Probate Court of Allen County, Ohio, on April 30, 1959, and the six-month period within which the contest of the will could be filed expired October 30, 1959. Subsequently, to wit, on January 29, 1960, four of the parties named as plaintiff in this action to set aside the will, D. S. McKinney, John McKinney, Lena Bowman and Virgil McKinney, appearing for the purpose of the motion only, individually and by separate motions asked to be dismissed as parties plaintiff. Each of these parties seeking to be dismissed as plaintiff sets forth in his individual motion that he had not authorized any person to bring this action in his name, to verify the petition for him, to name him as a party to the action, and that he does not plead with other persons named in the petition as plaintiff and refuses to join as plaintiff in this action. A hearing was had upon the motions and the trial court upon consideration thereof sustained all four motions and entered judgment dismissing as parties plaintiff those who by motion asked to be dismissed. Notice of appeal was timely filed and the cause is now in this court on appeal on questions of law.

The plaintiffs-appellants for their assignments of error set forth:

"(1) That the action, to wit: to contest a will, is one which comes under the doctrine of virtual representation, and

"(2) That the individual plaintiffs who have filed the motion in question are estopped from withdrawing as parties plaintiff."

Section 2741.01, Revised Code, provides that

"A person interested in a will or codicil admitted to probate in the Probate Court, or Court of Common Pleas on appeal,

may contest its validity by a civil action in the Court of Common Pleas of the county in which such probate was had."

Section 2741.02, Revised Code, provides that:

"All the devisees, legatees, and heirs of the testator, and other interested persons, including the executor or administrator, must be made parties to an action under Section 2741.01 of the Revised Code."

Section 2307.18, Revised Code, which applies to all civil actions, provides:

"All persons having an interest in the subject of an action, and in obtaining the relief demanded may be joined as plaintiffs."

Section 2307.19, Revised Code, provides:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of a question involved therein."

And Section 2307.20, Revised Code, provides:

"Parties who are united in interest must be joined as plaintiffs or defendants. If the consent of one who should be joined as plaintiff cannot be obtained, * * * he may be made a defendant."

The right of one or more persons to sue or defend for all under the doctrine of virtual representation or a class suit is provided for in Section 2307.21, Revised Code, as follows:

"When the question is one of a common or general interest of many persons, or the parties are very numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

Thus the doctrine of virtual representation, which had previously applied only to actions in equity, is carried into the statutes and applied to all civil actions, including actions to contest a will.

It will be observed that in bringing an action pursuant to Section 2307.21, Revised Code, certain conditions must exist, to wit, that the question is one of a common or general interest of *many persons and it is impracticable* to bring them all before the court. While it has been held that it is not essential, in bringing an action on behalf of oneself and others, that the petition specifically state that it is impracticable to bring the others

before the court, however the fact must appear from the allegations of the petition. 41 Ohio Jurisprudence (2d), 466, Section 16.

The petition clearly shows that the plaintiffs-appellants do not bring this action as a class suit nor do they set forth any averment which would justify the application of the doctrine of virtual representation.

The petition in naming the parties plaintiff states that the persons named are *all the next of kin and heirs at law* of Otto McKinney, deceased, the testator. As defendants, are named the executor of the last will and testament of the testator, and The Salvation Army, as the sole devisee and legatee under the will of the testator. It is at once apparent from the averments of the petition that the persons interested in the action are not so numerous that it would be impracticable or inconvenient to make all of them parties to the action, as *all the interested parties are named* either as plaintiffs or defendant and an attempt made to bring them before the court. It is at once apparent from an examination of the petition that the action is not brought as a class suit and that the contention of the appellants that the doctrine of virtual representation applies is untenable.

The evidence appearing in the bill of exceptions supports the averments outlined in the individual motions filed by the appellees. We approve of the following statement found in the opinion of Judge Hurd, now Judge of the Court of Appeals of the Eighth District, in the case of *Reinker* v. *Roe*, 33 Ohio Law Abs., 595, at page 598:

"Parties who are in all respects *sui juris* may not be compelled against their will to carry on or to participate in litigation or to be bound by the results thereof, which for reasons best known to themselves they do not wish to carry on. Under our constitutional guaranties every person has the right to assert claims or to refuse to assert claims against others as he may desire. * * *" (Section 16, Article I, Constitution.)

The evidence is conclusive that none of the appellees, with the possible exception of Donovan McKinney, authorized or consented that they be named by the plaintiff Reid J. Tabler as parties plaintiff in the action to contest the will prior to the filing of the same, nor is there any claim made that these appellees, with the exception of Donovan McKinney, by any word or

act misled anyone into believing that they were authorized to name them as plaintiffs. However, appellants advance the claim that the appellees should be denied the right to withdraw as parties plaintiff under the doctrine of equitable estoppel. The record is devoid of any showing that the appellees were guilty of any fraud, bad faith or willful conduct which resulted in their being named as parties plaintiff. It is admitted by the plaintiff Reid J. Tabler, the plaintiff signing and filing the petition, that he did not contact any of such appellees or have any express consent, either by word or act, to name the appellees as parties plaintiff. It is also clear from the evidence that none of the appellees had any knowledge that the petition to contest the will was to be filed, until after the same had been filed. The appellees had no knowledge prior to the signing and filing of the petition that was not possessed by the appellant signing and filing the petition. The truth was known to the appellants as well as to the appellees. In the absence of consent to be made parties plaintiff the appellees could have been named as defendants. Appellants contend, however, that the appellees are estopped by their silence in failing to notify the appellants of their objection to being included as parties plaintiff. This claim we believe is not tenable. Mere silence will not work an' estoppel. There was no duty resting upon the appellees to speak, as the appellants knew at the time of filing the petition that consent had not been secured to name the appellees as parties plaintiff. The appellants having such knowledge at the time of filing of the petition, the appellees were under no duty to advise the appellants of such fact. One is not estopped by mere silence where all parties know or have the means of knowing the truth.

We are of the opinion that the doctrine of estoppel has no application to the facts in the instant case as revealed by the record.

*Judgment affirmed.*

YOUNGER, P. J., and GUERNSEY, J., concur.