### John Cornshock v. People of State of Illinois.

1. WIFE ABANDONMENT—*May be Prosecuted by Information.*—The offense of wife abandonment created by the act of June 17, 1893, is a misdemeanor and as such may be prosecuted by information in the County Court.

2. INFORMATION—*Criminal Offenses in the County Court.*—Under Section 117 of Chapter 37, R. S., entitled " Courts " (Hurd's Statutes, 1893, p. 451), all offenses cognizable in County Courts a.. to be prosecuted by information.

3. CONSTRUCTION OF STATUTES—*Section 2 of the Act to Prevent and Punish Abandonment of Wife or Children.*—The language of that clause of section 2 of the act to prevent and punish abandonment of wife or children (Laws 1893, 1), providing that every husband, who, without good cause, abandons his wife or children, shall be indicted and tried, etc., must be construed to mean that persons guilty of this offense shall be subject to indictment and trial, and not as excluding the procedure by information provided by general law for all misdemeanors.

4. JUDICIAL NOTICE—*Political Subdivisions of a County.*—In the trial of a misdemeanor, the County Court will take judicial notice that a township (of the county) is in the county without proof, for the purpose of proving the venue as laid in an information.

5. INSTRUCTION—*On the Reasonable Doubt.*—An instruction that a reasonable doubt requires no more than a mere possibility of the defend-·· ant's innocence, is too favorable to the defendant in requiring no more than a mere possibility of his innocence to create a reasonable doubt.

Memorandum.—Information. In the County Court of Livingston County; the Hon. R. R. MILLER, Judge, presiding. Trial by jury and conviction; appeal by defendant. Heard in this court at the May term, 1894, and affirmed. Opinion filed December 13, 1894.

APPELLANT'S BRIEF, B. F. JONES, ATTORNEY.

The information filed in this case charges that the crime was committed in Livingston county, State of Illinois, but there is no evidence that it was committed in the county and State as alleged. Jackson v. People, 40 Ill. 405; Rice v. People, 38 Ill. 435; Sattler v. People, 59 Ill. 68.

It is not enough to prove street and locality. Dougherty v. People, 118 Ill. 163.

A penal law shall not be extended so that things which do not come within the meaning of the words, shall be brought within it by· construction. If these rules are violated the fate of the accused person is decided by arbitrary discretion of judges and not by express authority of statute laws. Potter's Dwarris on Statutes, 247.

Formerly, in Massachusetts, it was held that all misdemeanors could be prosecuted by information unless restricted by statute to indictment. Now they have a statute which commands all crimes to be by indictment, unless restricted by statute to information, thus showing conclusively that if the statute restricts to a particular mode of procedure, that

Cornshock v. The People.

procedure must be followed.   Wharton's Crim. Ev., 8th Ed., p. 65, Sec. 88.

Words must be given their true meaning, and only when they are ambiguous, are they to be expanded.   Ottawa Coke & Gas Co. v. Downey, 127 Ill. 204; Misch v. Russell, 136 Ill. 25; Brockway et al. v. Highway Com., 130 Ill. 490; Orear v. Krum, 135 Ill. 299; Brockway et al. v. Virginia et al., 76 Ill. 34; Hill v. City of Chicago, 60 Ill. 86; Chicago, Mil. & St. Paul R. R. v. Drunsdy, 109 Ill. 402; Stuart v. Hamilton, 66 Ill. 253.

Appellees' Brief, Edgar P. Holly, State's Attorney.

The constitution expressly says that County Courts shall have jurisdiction of such other matters, not enumerated by the constitution, " as may be provided for by general law." The general law has given them jurisdiction of all misdemeanors.   A special law can not take away a jurisdiction given by the general law, given under the positive direction of the constitution.   Farwell v. Cohen, 138 Ill. 257.

When there are two constructions, either of which can be given a statute, the one in harmony with the general law and with the constitution should always be given.   Bish. St. Crimes, Sec. 90; Buncomb v. People, 12 Iowa 1; People v. Peacock, 98 Ill. 172; Burns v. Henderson, 20 Ill. 264; Fornell v. Cohen, 138 Ill. 257.

The word "shall " is very frequently construed so that it is used in the same sense as " may."   Burn v. Henderson, 20 Ill. 264; Swensen v. McLaren, 21 S. W. Rep. 300; Adam v. Sleeper, 64 Vt. 344.

The venue may be proven directly or by indirect evidence. Harlen v. Stoll, 33 N. E. Rep. 1102; Stoll v. Farley, 53 N. W. Rep. 1089; Sullivan v. People, 114 Ill. 24.

Or it may be proven by circumstantial evidence from which the venue may be inferred.   Abbego v. State (Tex.), 15 S. W. Rep. 408; Stoll v. Sneider, 44 Mo. App. 429; Stoll v. Sanders, 17 S. W. Rep. 223; People v. McGreggrego (Cal.), 26 Pac. Rep. 97; Hayse v. Commonwealth (Ky.), 14 S. W.

Rep. 833; State v. Cantieny, 34 Minn. 1; State v. Guar, 29 Minn. 221.

Where the evidence does not expressly locate the crime as having been committed in the county, but there are in the evidence references to the various places, localities and landmarks, known by or familiar to the jury, and from which they may reasonably conclude that the offense was committed in the county, it is sufficient. Duncan v. State (Fla.), 10 So. Rep. 815; Weinsche v. State (Neb.), 51 N. W. Rep. 307.

Nor is it necessary to prove the venue beyond a reasonable doubt; if there is evidence from which it may be inferred, it is sufficient. Cox v. State (Tex.), 12 S. W. Rep. 493; Worrace v. State (Fla.), 8 So. Rep. 748.

Though all these States hold that where the evidence wholly fails to show the venue, the verdict must be set aside. Shillian v. State (Tex.), 11 S. W. Rep. 2157; State v. Young (Mo.), 12 S. W. Rep. 642; Calkins v. State (Fla.), 9 So. Rep. 652.

MR. JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

Plaintiff in error was prosecuted by information filed in the County Court of Livingston County, charging him with willfully and without good cause abandoning his wife, Mary M. Cornshock, and neglecting and refusing to maintain and provide for her. He was found guilty by a jury and was sentenced to confinement in the county jail for two months and to pay a fine of one hundred dollars and costs.

A motion was made to quash the information on the ground that defendant could only be prosecuted by indictment for the offense, but the motion was overruled.

Section 7 of the subdivision of chapter 37, Revised Statutes, relating to County Courts, provides that said courts shall have concurrent jurisdiction with Circuit Courts in all criminal offenses and misdemeanors where the punishment is not imprisonment in the penitentiary or death, and section 117 of said subdivision provides that all offenses cognizable

in County Courts shall be prosecuted by information. The offense with which the defendant in this case was charged was created by statute in force July 1, 1893, and it was defined to be a misdemeanor punishable by fine of not less than one hundred dollars nor more than five hundred dollars, or by imprisonment in the county jail, house of correction or work house, not less than one month nor more than twelve months, or by both such fine and imprisonment. It therefore belonged to the class of offenses which by general law were declared cognizable in County Courts and were to be prosecuted by information. The claim that such proceeding could not be had is based upon the provision in section 2 of the act of 1893, that every husband who shall be guilty of all or any one of the misdemeanors specified in the act, shall be indicted and tried. There is nothing in the nature of the offense which leads us to suppose that the legislature which fixed its grade intended to impose any restriction on its prosecution in like manner with other offenses of the same grade, or to confer an exemption from the terms of the general law upon that class of offenders. That such was the intention, we think, should be made clear to justify us in so holding. To say that the words of section 2 were used in a restrictive sense and for a restrictive purpose to exclude prosecution under the general law, would render it imperative that every guilty husband should not only be indicted but also tried, even though he might desire to plead guilty. The word shall, applies to the trial equally with the indictment, and such a conclusion would be absurd. We take the language used to mean that persons guilty of this offense shall be subject to indictment and trial, and not as excluding the procedure by information provided by general law for all misdemeanors.

It is insisted that the venue was not proven. The evidence was that the defendant and his wife were married in the city in which this case was tried, across the street from the court house, which was in Livingston county; that they went to the home of her brother in Union township; that the abandonment took place at once; that she afterward lived in Union township about four weeks at another time, and that

she lived in Odell the remainder of the time up to the trial. The defendant never maintained or provided for her, and never gave her a cent. The proof was ample to show the commission of the offense in Union township, a political subdivision created for governmental purposes in the county of Livingston, in this State, of which the court will take notice. 1 Greenleaf on Evidence, Sec. 6; Sullivan v. People, 114 Ill. 24; Sullivan v. People, 122 Ill. 385. The venue was therefore sufficiently proven.

Complaint is made of an instruction given at the instance of the people, wherein the jury was told " that a reasonable doubt requires no more than a mere possibility of the defendant's innocence." The instruction was too favorable to defendant in requiring no more than a mere possibility of his innocence to create a reasonable doubt, but he can not complain of the error in his favor. His guilt was clearly proven, and the judgment will be affirmed.