## MIFFLIN TOWNSHIP TRUSTEES v STATE ex TUCKER

Ohio Appeals, 5th Dist, Richland Co

Decided Sept 24, 1930

Kalbfleisch & Will, Mansfield, for Trustees.

Reed & Beach, Mansfield, for State ex.

LEMERT, PJ.

The record before us discloses that the defendant-in-error, the relator, David Tucker, is a resident of Mifflin Township, Richland County, Ohio, and the owner of a tract of land located in said Township, and in school district No.———— of said Township, County and State aforesaid. He is the father of two children of school age who attend school in said school district No.————, and resides with his family including said two children of school age on said tract of land.

Abutting his property is a creek known as the Rocky Fork creek, a tributary of the Mohican river. Some forty years ago the relator's father, John Tucker, was the owner of said tract of land and for his convenience at that time constructed over said Rocky Fork creek a foot bridge.

From the time of said bridge construction until the present time said bridge was rebuilt and repaired by the relator or his father, John Tucker, with the assistance of their neighbors. At no time was said bridge rebuilt, constructed or repaired by these plaintiffs-in-error or their predecessors in office.

The relator contends that it is necessary for his children to cross said bridge to attend school; that said children have no other means of access to said school, and further that said foot bridge is in need of said repairs, and that under the provisions of 7562-1 GC it is mandatory that the Board of Trustees of Mifflin Township, Richland County, Ohio, repair said foot bridge.

In referring to 7562-1 GC we note that said section provides that the Trustees of any Township are authorized and empowered to construct, rebuild and repair foot bridges across the rivers and streams in their respective Township when they may deem it necessary so to do in order to provide convenient means of access to the public schools in their said Township by the pupils residing in the school district wherein a public school house is located, but in no case shall the cost of aforesaid construction, rebuilding or repair of any said foot bridge exceed the sum of $1,000.

Plaintiffs-in-error contend that it is entirely within the discretion of the Board of Township Trustees to repair, rebuild and construct said foot bridge when they may deem it is necessary so to do in order to provide convenient means of access to the public schools of their respective Township.

This is an action in mandamus. It has been held to be the law that mandamus can be legally enjoined only where there is a performance of the act which the law specially enjoins to be performed as a duty resulting from his office, trust or station. **63 Oh St 541.**

And it is now accepted as a thoroughly well settled rule that a preemptory writ of mandamus will not in any case be granted unless the right of the relator thereto be clear and the act, performance of which is desired, be one of absolute obligation on the part of the person or officer sought to be coerced, and before such legal right to have done the special act desired exists, a particular person or officer sought to be coerced and a plain dereliction of duty must be established against such person or officer before the writ will be awarded. **71 Oh St 38.**

Or in other words, it has been repeatedly held that mandamus will not issue to compel the performance of an act not so enjoined.

A careful examination of the record in this case discloses that the trustees viewed this foot bridge and from such view, after consideration, determined that it was unnecessary to repair said bridge.

It has been held that a lawful discretion vested in an individual, officer, board or corporation cannot be destroyed or limited by a writ of mandamus.

Mandamus lies only where there is a plain dereliction of duty but never to control duty. A case that is parellel with this case at bar entitled **State Ex Rel vs Commissioners, 49 O. C. 301,** which is followed in the case of the **State Ex Rel vs Commissioners 54 Oh St 652,** is the same case being recognized in **83 Oh St 458.**

This being an action in mandamus to compel the County Commissioners to repair a certain road bridge, the Court in its

opinion at page 403, without quoting at great length, say —

"Whether the bridge is to be constructed or repaired, cannot be determined by a court in opposition to the views of a Board of Commissioners familiar not only with the resources but with the wants of each and every part of the County. The expediency of building or repairing a bridge, however necessary, is an administrative and not a judicial question."

The contention is made on behalf of the defendant-in-error that the statute just quoted is mandatory, and that when it is made to appear that it is necessary either to build or repair a foot bridge over the streams in a Township so that children of school age can attend the public school in said Township the Board of Trustees in said Township shall build or repair the foot bridge so that the children of school age can attend the public schools.

The record in this case discloses that within three-quarters of a mile from where it is proposed to repair this foot bridge that there is a bridge whereon school children and others can pass in safety over the stream in question and attend the public school on the other side of the river.

If by such means of travel the distance is so far as to make it come within the statutory distance for pupils to be transported to the school in the district wherein relator lives then relator has his remedy under the statute providing for transportation of the pupils to school.

So that an examination of the record in this case when it discloses the fact that the foot bridge in question is upon the private property of relator, neither end of which connects with any public highway, we are of the opinion and belief that the Board of Township Trustees have no right whatever to use public money or to levy a tax upon the taxable property of the district or township to provide for the construction, building or repair of any such foot bridge.

Therefore, now to consider the grounds of error claimed in this case we find and hold that the court below erred in overruling the motion of the plaintiffs-in-error made at the close of defendant-in-error's testimony for a directed verdict in favor of plaintiffs-in-error, and that the court erred in rendering judgment or decree for the defendant-in-error; and we further find that said judgment and decree is not sustained by sufficient evidence and is contrary to law.

Therefore the finding and judgment of the court below will be reversed. And coming now to the further consideration of this case final judgment is rendered herein in favor of plaintiffs-in-error and against defendant-in-error.

Exceptions may be noted.

Sherick, J, and Roberts, J, of the 7th Appellate District, sitting by designation in place of Houck, J, concur.