## KISSICK v STATE

Ohio Appeals, 2nd Dist, Montgomery Co

No 1388. Decided April 28, 1936

Herbert M. Eikenbarry, Dayton, for appellant.

Nicholas Nolan, Prosecuting Attorney, Dayton, for appellee.

## OPINION

By HORNBECK, J.

Upon examination of the papers and documents in this case we find only a bill of exceptions, duplicate notices of intention to appeal, signed by attorney for appellant, notice by counsel for appellant of purpose to make application to this court for leave to file petition in error, which notice is acknowledged by the Prosecuting Attorney and the paper designated "Petition in Appeal."

Sentence and judgment appears to have been passed on December 31, 1935, although we get this information only from the "Petition on Appeal."

The bill of exceptions was filed in this court January 31, 1936 as were all the other papers. There is no transcript of the record, docket and journal entries and original papers from the Common Pleas Court. No brief was filed with the "Petition in Appeal" and though this court has made effort to secure brief from counsel for appellant none has been forthcoming. It therefore becomes the obligation of the court to consider and determine this proceeding.

It would seem that the appellant has undertaken to prosecute an appeal under the New Appellate Procedure Act. This act has no application to this case because it pertains only to a final order or judgment entered on and after January 1, 1936. §12223-49 GC.

The new act provides, as did the old, that in proceedings on review affecting judgments in criminal causes, a brief shall be filed by the party prosecuting the appeal or error proceedings with the specifications or petition in error.

We have likewise examined the papers which are before us and find that proper steps have not been taken to perfect error proceedings under the former law. §13459-4 GC controlling proceedings in error provides that the petition in error, unless otherwise provided, may be filed as a matter of right within 30 days after sentence and judgment. Petition in error in this cause was filed 31 days after sentence and judgment. §13459-5 GC provides that summons in error shall issue and this was not done.

Although we have had no motion interposed by the prosecuting attorney, the record presents a question of jurisdiction and inasmuch as this court obviously is without jurisdiction, we would have no power or right to consider and determine this cause on its merits. The proceedings will, therefore, be dismissed.

BARNES, PJ, and BODEY, J, concur.