**HAINES v PEFFER, Admr., et**

Ohio Appeals, 2nd Dist, Miami Co.

No. 393. Decided May 16, 1940.

William Harry Gilbert, Troy; Henry A. Carns, Troy, and Harley D. Enyeart, Troy, for plaintiff-appellant.

Berry & McCulloch, Piqua, for defendants-appellees.

## OPINION

By BARNES, J.

The above entitled cause is now being determined on appellees' motion to dismiss appeal upon the claimed ground that the same was not filed within the time prescribed by law.

Plaintiff's action was filed January 4, 1932, and was in the nature of a creditor's bill. The action concededly was one in equity. The issues were joined through petition, answer of defendants and reply. After a very long delay the cause came on for trial and the trial court determining the case on the evidence and the pleadings, rendered final judgment in favor of the defendants, as is manifest by the following journalized entry, dated December 29, 1934:

"This cause having come on for hearing and being submitted to the court on the pleadings and the evidence without the intervention of a jury, on consideration whereof, the court finds on the issues joined for the defendants.

It is, therefore, considered by the court that the defendants should go hence without day, and recover from the plaintiff the costs herein expended. Appeal bond $200.00."

On December 31, 1934, plaintiff filed motion for new trial, upon the following separately numbered specifications:

1. The finding and judgment of the court is contrary to and against the weight of the evidence.

2. The finding and judgment of the court is contrary to and against the law of the case.

3. The court erred in not holding and ruling the burden of proof was upon the defendant.

4. For other errors apparent upon the record.

This motion for new trial was not passed upon until January 8, 1940, when it was overruled as set out in the following journalized entry:

"This cause coming on for hearing on the motion of plaintiff for a new trial herein, the court, upon consideration thereof, overrules same.

It is, therefore, considered by the court that the said defendant go hence without day, and recover from the said plaintiff his costs herein expended. To all of which plaintiff, by counsel, excepts. Thereupon counsel for plaintiff indicated to the court that the plaintiff would in due time file notice of appeal of this cause to the Court of Appeals of Miami County, Ohio, on questions of law and fact, and upon application, the court fixes the penalty to said appeal bond in the sum of $200.00."

On January 19, 1940, plaintiff filed notice of appeal as follows:

"The plaintiff hereby gives notice of appeal to the Court of Appeals of Miami County, Ohio, from the judgment of the Court of Common Pleas in the above entitled cause rendered on the 8th day of January, 1940.

The said appeal is on questions of law and fact."

Duly signed by counsel for plaintiff.

Appeal bond was executed on the same day, as was praecipe for transcript of docket and journal entries.

Counsel for plaintiff-appellant admits that if the time within which the appeal is to be filed begins to run from the date of the original entry, (December 29, 1934) the motion should be sustained. If, however, the time begins to run from the date of the entry overruling motion for new trial and the claimed re-entry of the judgment, then the motion should be overruled.

We have no difficulty in determining that the final order or judgment was that of December 29, 1934. Under the law as it then existed, the filing of motion for new trial would not toll the running of the statute. Of course, the rule would have been different had the cause been one triable to a jury.

**Sec. 11599 GC** expressly provides that in jury cases judgment shall not be entered until after the passing on motion for new trial, when filed, or the expiration of the time for filing, when not filed.

In 1934, at the time of entering the final judgment in the instant case, there was no similar provision relative to cases not triable to a jury.

In 1935 our court had under consideration two cases involving very similar questions and in which was discussed the identical question which is presented in the instant case. Both cases are reported as follows:

**In re Guardianship of Gausepohl,** (Shelby County), **51 Oh Ap 261; 20 Abs 39.**

**Neth, Exr. v Neth, et** (Montgomery County) **51 Oh Ap 267; 20 Abs 42.**

In the opinions we followed the development of the law through legislation and decisions of the Supreme Court up to the time of the releasing of the opinions in the reported cases. Attention was called to the difference between jury cases and cases not triable to a jury, as they related to the necessary procedural steps in taking appeal or filing petition in error. On the closing pages of the opinion we specifically stated that in actions not triable to a jury, it was necessary to take the prescribed steps for appeal within the statutory period following final judg-

ment, notwithstanding motion for new trial had been filed and not disposed of. These opinions were released before the effective date (January 1, 1936) of the new Procedural Act. The new Procedural Act, so-called, sought to correct this anomalous situation, but under a different formula than was prescribed in jury cases, (§11599 GC).

Sec. 12223-7 GC (of the new Procedural Act) contains, among other things, the following:

"Provided, that, when a motion for new trial is duly filed by either party within three days after the verdict or decision then the time of perfecting the appeal shall not begin to run until the entry of the order overruling or sustaining the motion for new trial."

This part of the section does not alter or change the provisions of §11599 GC, supra, and so in reality it has no operation in jury cases.

As to all cases not triable to a jury where motion for new trial is duly filed, it has the effect of tolling the running of the statute until such time as the motion for new trial is passed upon. This does not mean that the notice of appeal will be taken to the judgment overruling the motion for new trial, but rather to the final judgment entered before the motion for new trial was filed. However, the twenty day period for filing notice does not begin to run until after the overruling of the motion for new trial. **Anderson v Local Union, 29 Abs 364.**

In the interest of clarity, we properly should state that it has been held that the word "duly" as contained in the above quoted portion of the section, limits the provisions for filing motion for new trial to cases involving factual issues.

The case of **State ex Squire, etc. v Winch, 62 Oh Ap 161,** cited by counsel for appellant, does not support a contrary holding.

Appellant calls attention to the claimed fact that the trial court in overruling motion for new trial expressly re-entered the original judgment. This part of the judgment of January 8, 1940, reads as follows:

"It is, therefore, considered by the court, that the said defendant go hence without day, and recover from the said plaintiff his costs herein expended."

While this language is very similar to that contained in the final judgment dated December 29, 1934, yet we doubt very much if it was the intention of the trial court that this phrase embraced and re-entered the judgment of 1934. Whatever may have been the intention, it could not be given the legal effect of re-entering a final judgment. It has been repeatedly held that the trial courts may not re-enter judgments at subsequent dates for the sole purpose of fixing a new date for appeal or review.

Appellant further calls attention to §12223-49 GC which reads as follows:

"This act shall become effective on the first day of January, 1936, and shall apply to the proceedings in any action where the final order or judgment appealed from is rendered after that date."

This lends no aid to appellant's position for the reason that in the instant case the final judgment was in 1934.

Our court, in the case of **Kissick v State, 21 Abs 640,** referred to this section.

The cases cited by counsel for appellee in support of their motion to dismiss are in point and supporting, but we do not refer to them specifically for the reason that all these cases are referred to and discussed in our decision in the two cases above cited, in **51 Oh Ap 261 and 267,** supra.

Appellant's motion to dismiss raises the jurisdictional question ▇▇▇▇▇▇ ▇ which may not be waived. We are constrained to the view that we have no alternative but to sustain the motion.

The appeal will be dismissed.

Exceptions will be allowed.

HORNBECK, PJ. & GEIGER, J., concur.