that, therefore, defendant was not required to make contributions as prescribed by the act.

As we find no error in the record, the judgment of the trial court is affirmed.

*Judgment affirmed.*

WISEMAN, P. J., MILLER and HORNBECK, JJ., concur.

THE STATE, EX REL. ENGLAND, APPELLANT, *v.* TRUSTEES OF FRANKLIN TWP., MORROW COUNTY, APPELLEES.

(No. 419—Decided September 21, 1945.)

*Mr. T. B. Mateer,* for appellant.
*Mr. Leon McCarty,* for appellees.

PUTNAM, J. This appeal on questions of law is from a judgment of the Common Pleas Court refusing to grant a writ of mandamus for which the relator prayed and dismissing the petition at the relator's costs.

We are confronted at the outset with a motion by the respondents to dismiss the appeal for the reason that the same was not properly perfected. To this question we shall first address our attention.

The complaint is that the notice of appeal referred to the order overruling the motion for a new trial which was not a final order, rather than to the judgment of the court on trial of the case. The chronology of events was as follows: March 23, 1945, journal entry of decision of the court filed; motion for a new trial filed; March 29, 1945, journal entry overruling motion for new trial marked filed by the clerk but containing this notation in the handwriting of relator's attorney, "April 5th/45 O. K. T. B. Mateer, Atty. for Relator"; April 5/45 notice of appeal and praecipe for transcript filed; April 6, 1945, assignment of errors and brief of relator (appellant) filed.

It is thus evident that the notice of appeal was filed within the statutory time whether the motion for a new trial was considered filed either on March 29th or April 5th. Indeed it was within the time limited from the date of decision, March 23rd.

The notice of appeal is as follows, omitting the caption:

"The relator appellant gives notice of appeal to the Court of Appeals of the Fifth District of Ohio from the judgment rendered by the Court of Common Pleas of said county in the above entitled cause on the 5th day of April, 1945. Said appeal is upon question of law and fact."

The appeal of course, must be considered one on questions of law. The respondents (appellees) rely

upon the following cases as supporting their position: *Covington Bldg. & Loan Assn.* v. *Yost,* 31 Ohio Law Abs., 672; *Haines* v. *Peffer, Admr.,* 31 Ohio Law Abs., 675.

Both of those cases were decided by the Second Appellate District Court of Appeals in May 1940. They were rendered obsolete by the decision of the Supreme Court in the case of *Mosey* v. *Hiestand,* 138 Ohio St., 249, 34 N. E. (2d), 210, which fact was recognized by the same Court of Appeals in the case of *State* v. *Brown,* 68 Ohio App., 335, 37 N. E. (2d), 434, and later in the case of *Fifty West Broad, Inc.,* v. *Poulson,* 41 Ohio Law Abs., 212, 57 N. E. (2d), 687.

In the case of *Capital Loan & Savings Co.,* v. *Biery,* 134 Ohio St., 333, 16 N. E. (2d), 450, in which the judgment of this court was affirmed, the notice of appeal was incorporated in the judgment entry overruling the motion for a new trial. The notice, while not commended, was held sufficient as no one was prejudiced thereby, there being only one court from which and to which an appeal could be taken. The same holding was made in the case of *Bank of Elmore Co.* v. *Damschroder,* 69 Ohio App., 15, 42 N. E. (2d), 781, wherein Judge Carpenter, speaking for the court, said that the notice of appeal which referred to the overruling of the motion for a new trial instead of the judgment of the court at the close of the trial, was not fatally defective and could be amended. In the instant case the appellees were not prejudiced, they had seasonable notice of this appeal and were granted two extensions of time in which to file briefs.

In view of the above considerations, we hold that the notice of appeal in this case is not fatally defective and is amendable under the provisions of Section 12223-5, General Code. Leave is granted so to amend and same is considered done.

This brings us to a consideration of the merits of the case on the errors assigned.

This was a suit by the relator in which he sought a writ of mandamus to compel the township trustees to comply with Sections 3370, 3374-2, 3375 and 7146, General Code, by cutting brush and briers and dragging and graveling a portion of a certain township road adjacent to his property. A demurrer to the petition having been interposed and overruled, the respondents, by answer, set up three defenses:

(1) That the relator had never filed a petition, signed by 51 per cent of the landowners along the road, with the trustees asking for its improvement and that same was jurisdictional;

(2) Lack of sufficient fund; and

(3) That the road had been abandoned.

The court, after full hearing of testimony, made the following findings of fact which are conceded to be correct as far as they go:

"1. The road in question is a township road located in Sections 16 and 17, Franklin township. Said road begins at state route 95 in Franklin township and continues west through Franklin, Gilead and Cardington townships.

"2. All of said road has been improved except for a portion about one mile in length in Franklin township, which mile lies west of the relator's farm buildings. Starting at state route 95 and continuing west said road is improved to the point where the relator's farm buildings are located, is then unimproved for a stretch of approximately one mile to the point where the next residence on said road is located, there being no residences or buildings along said unimproved stretch. Said road is then again improved from the point where said next buildings are located on west through Franklin and into Gilead and Cardington townships.

"3. There has been no attempt to improve said road for many years. Very seldom has a car attempted to go through this stretch of road and it has for some time been practically impassable by reason of brush, briars, trees and its mud condition. The relator's means of ingress and egress has been on the improved road going from his house east to state route 95 and the means of the other residents has been by use of the improved road from their houses west.

"4. The relator is the owner of land in Section 16, Franklin township, which he purchased on July 26, 1943, and is a taxpayer, householder and property owner along said road.

"5. There was no testimony of the trustees having been requested by any previous owner to improve said road; however, the relator has requested of the trustees that they improve said road and was told by them that they do not have sufficient funds.

"6. The defendants are the duly elected qualified active trustees of Franklin township.

"7. Said road is in need of improvement, maintenance, repair, dragging, and the cutting of brush, briars and weeds.

"8. There are also other roads in Franklin township which are in need of improvement, maintenance, repair, dragging and of having the brush, briars and weeds cut.

"9. The trustees of Franklin township received in 1944 the following amounts:

Road and bridge tax ..................$ 156.73
Gasoline tax .........:.................. 1950.00
State surplus from sales tax ............ 747.94

and have received no tax money to date in 1945. All of said funds have been spent upon the roads of Franklin township. The township has no surplus road fund and while the trustees could repair and maintain the road

in question they could do so only by their failure to care for other roads, since the funds received are not sufficient to meet all of the requirements of the statutes as to all of the township's roads, nor to give the township roads the attention that they should have were the funds sufficient.

"10. The present tax rate in Franklin township is above the ten mill limitation."

From these findings of fact the court found as a conclusion of law that the respondents, not having sufficient funds available with which to meet the requirements as to all roads in the township, could not be compelled by mandamus to fulfill their statutory duty as to that section of road when in their discretion they find it to be more necessary and expedient to spend the available funds elsewhere. The court held that in spite of the mandatory terms of the statute the matter was discretionary with the trustees. The court relied upon the following authorities: *State, ex rel.*, v. *Commissioners,* 49 Ohio St., 301, 30 N. E., 785; *Bd. of Trustees of Mifflin Twp.* v. *State, ex rel. Tucker,* 38 Ohio App., 51, 175 N. E., 618; *Garlinghouse* v. *Jacobs,* 29 N. Y., 297.

The error complained of is that the judgment is contrary to law.

The record shows that the findings of fact need however to be supplemented in some respects as to detail such as:

(a) The unimproved roads of the township which have not been improved to the standard which permits gas tax money to be used thereon do not exceed five miles, including the segment in question.

(b) The road in question has been improved to such standard except the one mile segment herein involved which is between the improved portions.

The broad general statements of the law as outlined

in the opinion of the lower court are generally sound. Their application to the facts in question, however, needs to be further examined.

It is first to be observed that the language of the statutes involved is mandatory in character. The word *"shall"* is used in all of them.

It is true that a writ of mandamus cannot be used to control the discretion of administrative bodies where such discretion is allowed by law. It is, however, likewise true that this writ is intended to control the abuse of that discretion. It is true that where a positive duty is imposed upon an administrative body by statute and the performance of that duty is rendered impossible by lack of funds or by a situation under which the performance of the duty would cause a violation of another law, the performance is not required. (See 46 A. L. R., 257, at page 267.)

Of all the defenses set up by the respondents none need here be considered except the one of lack of funds. The first is clearly no defense; the one of abandonment is contrary to the facts, as the road is now and has been for many years a legally established and existing township highway including the segment in question. The defense of a lack of funds, if maintainable under the law would be a good defense. Consequently an inquiry must be directed to the question as to whether under the law there is and has been such a lack of funds as to render the performance of this duty impossible and if not impossible whether the continual diversion of funds which were available for the performance of the duty was an abuse of discretion such as should be corrected by the use of this writ. Inasmuch as the use of gasoline tax funds on township highways is subject to the approval, to a certain extent, of the county engineer and he is not a party to this suit, the consideration of that source of revenue will be eliminated from this

controversy. This leaves us to the application of other funds available within the limitations allowed by law. It must be remembered that this one mile segment of road is situated between improved segments on both sides and has deteriorated into its present condition through gradual neglect over many years so it is now impassable and requires the relator to travel seven miles to get to his neighbor one mile distant.

During the year in question the funds available for the five miles of road of the type of this segment were about $900. In previous years and in years to come possibly there may be available one-fourth that amount. However, it is entirely possible for the respondents, if proper arrangements are made with the county engineer, to make available more funds from gasoline tax money.

Concededly, the money presently available is inadequate but it is sufficient to do something. Fifty dollars a mile each year would trim some brush and fill in some holes, but no money has been spent here for many years. Just because the funds are inadequate to fix this neglected road properly all at one time does that justify the respondents in their course of action of diverting those funds continuously year after year to other roads for which other funds are available to the end that the segment in question has become obstructed with brush and eroded so as to become impassable?

We think it does not; and so to do in the face of the positive requirements of the statute constitutes an abuse of discretion on their part. If this road is useless, it should be abandoned according to law but as long as it remains a part of the township highway system the respondents have a duty under the law as to its care. The funds available should be used for that purpose proportional to the mileage of roads of that type bearing in mind the requirements of the statute.

If we were confronted with a situation where in a particular year the brush was not cut or a road graveled due to lack of funds the problem would be different. It is probable that some deviation from the letter of the law due to necessity would not constitute an abuse of discretion. But where, as in the instant case, over a long term of years a persistent course of conduct shows an absolute disregard of a statutory mandate to the detriment of an individual landowner and enhancement of others, that constitutes not the exercise of discretion, where allowable, but an abuse of the same.

It is no answer to say, as is argued in this case, that if this writ be allowed, all other property owners in the township would be entitled to a writ commanding the exact compliance with these statutory duties. All that the law requires is a reasonable performance of a statutory duty within the means at hand. What the law will not permit is an utter disregard of mandatory statutory requirements where any means are available to comply therewith.

That was in substance the holding of this court in *State, ex rel. Ohio Public Service Co.,* v. *City of Alliance,* (unreported, Stark county). In that case the city owed a certain judgment which it failed and refused to pay. It also had other obligations of equal validity. Funds were not available to meet all obligations and from year to year it was paying the other obligations to the exclusion of the judgment. The defense was the same as in this case, lack of funds. This court ordered the city to pay but to pay yearly a proportional amount as the amount of the judgment bore to the total debt of equal priority under the law. The same principles run through the decisions found in the annotation in 46 A. L. R., 257. We think that position is sound and is applicable to the case at bar.

To deny it would deprive the relator of any adequate remedy at law and permit the continuation of the present situation indefinitely.

We have no quarrel with the authorities cited by the lower court or by counsel for the respondents. However, they are not in point or conclusive. The case of *Bd. of Trustees* v. *State, ex rel., supra,* involved the construction of a foot bridge on private property. The case of *State, ex rel.,* v. *Commissioners, supra,* involved the construction of a statute in which the word "necessary" was used in connection with the word "shall." That is not the present case.

It is our judgment that the funds available and permissible for use on this type of road be expended thereon each year in the future proportional to the mileage which this road segment bears to the total mileage of road of this type in the township which is one-fifth, until such time as the road is improved to the standard which makes it eligible for other funds in conformity to law and until the segment attains the standard of other improved township roads.

It follows that the judgment of the court below is reversed and this cause is remanded to that court for further proceedings not inconsistent with this opinion.

*Judgment reversed.*

SHERICK, P. J., and MONTGOMERY, J., concur.