STEPHAN, APPELLEE, *v.* THE STATE VETERINARY MEDICAL BOARD ET AL., APPELLANTS.

(No. 8787—Decided June 27, 1960.)

*Mr. Gordon Renner* and *Mr. Walter L. Tarr*, for appellee.
*Mr. Mark McElroy*, attorney general, and *Mr. James L. Neustadt*, for appellants.

O'CONNELL, J. Appellee, Sol G. Stephan, was charged with the violation of Section 4741.22 (G), Revised Code. The specific charge was that "on November 18, 1958, and January 13, 1959, one John C. Russell did administer veterinary medical

services and issued rabies vaccination certificates which has (*sic*) been signed by you (Stephan)" and "the Secretary of the Veterinary Medical Board certifies that John C. Russell is not licensed within accordance of the laws of Ohio, and therefore you are charged with having lent your name to an unlicensed person contrary to Section 4741.22 of the Revised Code."

Now, Section 4741.22, Revised Code, provides in part:

"The board may refuse to issue a license or a temporary permit to any applicant, may issue a reprimand, or suspend or revoke the license or the temporary permit of any person licensed to practice veterinary medicine who:

"* * *

"(G) has professional association with or lends his name to any unlicensed person."

There was a hearing before the Veterinary Medical Board on March 18, 1959, on the charge, and at this hearing the board issued an order suspending Stephan's license to practice veterinary medicine for a period of six months, commencing April 1, 1959.

On March 30, 1959, Stephan served upon the board a notice of appeal from the order, and on April 1, 1959, he filed in the Court of Common Pleas of Hamilton County a notice and petition on appeal from the order. All these pleadings have been filed within the time (15 days) fixed by law (Section 119.12, Revised Code) for such filings.

Furthermore, a temporary restraining order against the board pending determination of the appeal was granted on April 1, 1959.

The matter having been set for hearing on the merits on January 11, 1960, Stephan moved the court for a judgment in his favor, because the Veterinary Medical Board had failed to file with the court, within ten days after the receipt of notice of appeal, a transcript of the proceedings in the case (Section 119.12, Revised Code). Later, the board moved the court for leave to file instanter the complete record of the proceedings in the March 18, 1959, hearing. This motion was overruled and the temporary restraining order of April 1, 1959, was made permanent. It is from this ruling of the Court of Common Pleas that there is an appeal to this court.

There is only one question to be determined in this matter: What is the meaning of "shall," as the word is used in Section 119.12, Revised Code. The section requires that "any party desiring to appeal shall file a notice of appeal with the agency, setting forth the order appealed from and the grounds of his appeal. A copy of such notice of appeal shall also be filed by appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal *shall be filed within fifteen days* after the mailing of the notice of the agency's order as provided in this section." (Emphasis supplied.)

And the section requires further that *"within ten days,* or within such period as is authorized by law, after receipt of notice of appeal from an order in any case wherein a hearing is required by Sections 119.01 to 119.13, inclusive, of the Revised Code, the agency *shall prepare and certify* to the court a complete record of the proceedings in the case." (Emphasis supplied.)

If the word, "shall," is mandatory, there is no doubt that the judgment of the lower court must be affirmed. If, however, the word, "shall," is directory, then the judgment of the lower court should be reversed.

Let us look, therefore, at this word, "shall." Grammatically, it is what is known as an auxiliary verb. Though its use is confined ordinarily to this role (of auxiliary verb) Webster's New International Dictionary (2 Ed.) refers to it as a principal verb with a past tense of "should," but without an infinitive or participle. Webster then refers to its use as an auxiliary verb. It is derived from the Anglo Saxon "scal" and "sceal," meaning "I am obliged." By itself (as an auxiliary verb), it is no part of speech at all. It must be used as a part of another verb. As it is used in the sentences in Section 119.12, Revised Code, the verb "shall be filed" is to be parsed as being the future indicative passive, third person plural, number (to agree with notices) and the verbs "shall prepare and [shall] certify" are to be parsed as being future indicative active, third person singular (to agree with agency). In Latin, however, these verbs would be in the future tense of the imperative mood (the mood of command), for the reason that *shall* ordinarily connotes the idea of command. The reason for the difference is that in English, the imperative mood has no future tense.

Furthermore, there is this rule (in English) concerning the use of "shall" and "will." If futurity is to be expressed, one must use "shall" in the first person and "will" in the second and third persons. If, however, determination is to be expressed, then one reverses the order and uses "will" in the first person and "shall" in the second and third person.

So that, in this case, with the use of "shall" in the third person, the idea of determination has been expressed. If the law is determined that something must be done, it can hardly be said that it is merely directing the mode of procedure.

Moreover, if one argues that the word, "shall," as it applies herein to the board, is merely directory, then why would it be illogical to hold that the same word as it applies to appellant is likewise directory? And why could not the argument be made wherever the word is used in the statutes that it is merely directory.

Let us remember, too, that in this case the agency is a litigant and comes before the court in that capacity. It should hardly be given more lenient treatment than the other litigant. It is our opinion that this section does not intend so to favor one party over the other.

Webster, in discussing its use as an auxiliary verb, says that "shall" means "am obliged" or "must." And since the past tense is "should," it can be readily seen that the idea of obligation is present. As an auxiliary, "should" is the form used to express the imperfect tense of the potential mood, which (mood) is used to indicate power, liberty, possibility, or *necessity*.

Webster says further (paraphrasing what has been written earlier in this opinion): "Thus shall when used in the second or third person has a special force from the fact that the speaker predicts or promises another's action, and hence is expressive of some authority or compulsion on the speaker's part; as in you *shall* go; thou *shalt* not kill; he *shall* rue it."

And in 39 Words & Phrases, 111, we find that:

(1) The word, "shall," is equivalent to the word "must."

(2) Generally, presumption is that the word "shall" is construed in an imperative sense rather than directory, and presumption will control unless it appears clearly from context

or manifest purpose of the act as a whole that the Legislature intended that a different construction should be given to the word (citing *City of Gary* v. *Yaksich*, 120 Ind. App., 121).

Also, see the following cases in which the word, "shall," was held to be mandatory:

*State* v. *Shahadi*, 137 N. J. Law, 626, 61 A. (2d), 299; *Cornshock* v. *People*, 56 Ill. App., 467; *Gould* v. *Trendberth*, 61 R. I., 5, 199 A., 696; *State* v. *Huffstetler*, 213 S. C., 319, 49 S. E. (2d), 585; *Fegan* v. *Lykes Bros. S. S. Co., Inc.*, 198 La., 312, 3 So. (2d), 632; *Chenoweth* v. *Chambers*, 33 Cal. App., 104, 164 P., 428; *Jenney* v. *Assessors of Mattapoisett*, 322 Mass., 76, 78, 76 N. E. (2d), 126; *Lawrence Warehouse Co.* v. *Defense Supplies Corp.*, 168 F. (2d), 199; *Cottrell* v. *Board of Edn. of City of New York*, 181 Misc., 645; *Carolina Music Co.* v. *Query*, 192 S. C., 308, 320, 6 S. E. (2d), 473; *State, ex rel. Rowe*, v. *Emanuel*, 142 Neb., 583, 7 N. W. (2d), 156; *Carpenter* v. *Smith*, 79 R. I., 326, 89 A. (2d), 168; *Abshire* v. *School Dist. No. 1 of Silver Bow County*, 124 Mont., 244; *Munroe* v. *Sullivan Mining Co.*, 69 Idaho, 348, 207 P. (2d), 547; *In re Estate of Buchanan*, 82 Ohio App., 240; *Eager* v. *Glens Falls Indemnity Co.* (Ill. App.), 82 N. E. (2d), 683; *Noecker* v. *Woods*, 259 Pa., 160, 164; *Mitchell* v. *Hancock* (Tex. Civ. App.), 196 S. W., 694; *Milton* v. *Auditor of Commonwealth*, 244 Mass., 93, 138 N. E., 589; *Farrington* v. *Flood* (Fla.), 40 So. (2d), 462; *Anderson, Recr.*, v. *Yungkau, Exr.*, 329 U. S., 482, 67 S. Ct., 428; *Wood* v. *State, ex rel. Lee*, 133 Tex., 110, 126 S. W. (2d), 4; *Henry* v. *General Forming, Ltd.* (Cal. App.), 193 P. (2d), 501; *State, ex rel. Koontz, Tax Commr.*, v. *Board of Park Commrs. of City of Huntington*, 131 W. Va., 417, 419, 47 S. E. (2d), 689; *Hendrix* v. *Foote*, 205 Miss., 1, 36 So. (2d), 145; *State, ex rel. Crawford*, v. *Wagner* (Tex. Civ. App.), 203 S. W. (2d), 795; *Telefilm, Inc.*, v. *Superior Court of Los Angeles* (Cal. App.), 194 P. (2d), 542; *Carter* v. *Seaboard Finance Co.* (Cal. App.), 193 P. (2d), 985; *State, ex rel. England*, v. *Trustees of Franklin Twp.*, 79 Ohio App., 476; *State* v. *Reeves*, 112 S. C., 383, 99 S. E., 841; *Turner* v. *Unemployment Compensation Board of Review*, 163 Pa. Sup., 168, 60 A. (2d), 583; *Von Kaenel* v. *Unemployment Compensation Board of Review*, 163 Pa. Sup., 173, 60 A. (2d), 586; *In re Koncus*, 123 F. (2d), 92; *Henderson* v. *Weber*, 20 N. J. Misc., 67, 70,

24 A. (2d), 508; *Gordon* v. *Harris*, 94 Cal. App., 682, 685, 271 P., 779; *People* v. *O'Rourke*, 124 Cal. App., 752, 13 P. (2d), 989.

Therefore, since the ordinary meaning of the word, "shall" (according to Webster and Words & Phrases, cited herein), is mandatory, and since the rulings in many cases hold similarly, this court supports the position of Judge Hess in his able opinion, that the word, "shall," as used in Section 119.12, Revised Code, is mandatory. The judgment of the Court of Common Pleas is, therefore, affirmed.

*Judgment affirmed.*

Long, J., concurs.

Matthews, P. J., dissenting. I agree with my associates that Section 119.12, Revised Code, imposes a duty upon the Board of Veterinary Examiners to file a complete record of the proceedings before it within ten days of receiving notice of the appeal, and that its failure to do so is a violation of its duty. It was the board's clear duty to file the record, and upon its failure it could be required to do so by a writ of mandamus.

I do not agree that the failure of the board to file the record within ten days operates as a discontinuance of the proceeding. If this is a civil, or quasi-civil, proceeding, and the Civil Appellate Procedure Act applies, then Section 2505.08, Revised Code, controls. It provides that "If the transcript and papers are not filed within said time [ten days] either party may apply to the court to which the appeal is taken to have the case docketed and the court shall order them filed."

So far as I know, it has never been held that failure of the clerk to perform his duty would operate to the prejudice of the rights of either party to an appeal. And by the above statute, the failure of the party himself to file a praecipe is excused. *State* v. *Suspirata*, 71 Ohio App., 500.

If this proceeding be regarded as a criminal or quasi-criminal prosecution, the same result is obtained. The Code of Criminal Procedure makes provision for undue delay in pursuing a criminal proceeding after its institution. These provisions will be found discussed in 15 Ohio Jurisprudence (2d), 423 *et seq.*, Section 233 *et seq.* At page 426 therein, it is stated

that "If, when the accused makes his application for discharge, whether during the time limited or at a subsequent term of court, the state is ready to proceed with the trial * * * he is not entitled to be discharged."

In the case at bar, as soon as the board received notice of the absence of the record and papers by the filing of the appellee's motion for judgment, it asked leave of the court to file the record and papers at once. The court overruled this motion. In doing so, it is my opinion that the court erred.

The judgment should be reversed and the cause remanded for further proceedings.