Taft, C. J.
The question to be determined may be stated as follows:
Where an appeal from an order of an administrative agency has been duly made to the Common Pleas Court pursuant to Section 119.12, Revised Code, and the agency has not prepared and certified to the court a complete record of the proceedings within twenty days after receipt of the notice of appeal and the court has granted the agency no additional time to do so, must the court, upon motion of the appellant, enter a finding in favor of the appellant and render a judgment for the appellant?
*57 Prior to the 1959 amendment of this statute, it would have been reasonably arguable that the statute was only directory in providing for the certifying of the record of proceedings within a certain number of days (then ten). But see Stephan v. State Veterinary Medicine Board (1960), 113 Ohio App., 538, 173 N. E. (2d), 389.
However, that 1959 amendment (128 Ohio Laws, 1116) extended the number of days specified from ten to twenty and added the last two sentences hereinbefore quoted from Section 119.12, Re-vised Code. Those amendments clearly express a legislative intention that a failure to certify such record within the time now specified must, on motion of the appellant, result in a judgment for the party adversely affected by the order appealed from.
Thus, it is specified that “failure of the agency to comply within the time allowed shall [not “may”], upon motion, cause the court to enter a finding in favor of the party adversely affected” by the order appealed from. The next sentence provides for a possible ten additional days but, in using the words “not to exceed ten,” it clearly indicates a legislative intent to limit the power of the court ever to permit an agency to certify its record at a time more than thirty days “after receipt of notice of appeal.”

Judgment affirmed.

Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.