**AMERISURE COMPANIES, Appellant,**

**v.**

**STATESMAN INSURANCE COMPANY et al., Appellees.**

[Cite as *Amerisure Cos. v. Statesman Ins. Co.* (1991), 77 Ohio App.3d 239.]

Court of Appeals of Ohio,
Hamilton County.

No. C–900593.

Decided Sept. 18, 1991.

*Lyons & Fries Co., L.P.A.,* and *James W. Costin,* for appellant.

*Rendigs, Fry, Kiely & Dennis, Ralph F. Mitchell* and *Peter L. Ney,* for appellees Statesman Insurance Co. and State Automobile Insurance Co.

*G. Richard Wilson* and *Glenn A. Markesbery,* for appellee Safeco Insurance Co.

*Per Curiam.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Hamilton County Court of Common Pleas, and the briefs and arguments of counsel.

Plaintiff-appellant, Amerisure Companies ("Amerisure"), filed a complaint for contribution against defendants-appellees, Safeco Insurance Company ("Safeco"), Statesman Insurance Company and State Automobile Insurance Company (jointly "Statesman"), for costs incurred in settling two cases filed against an insured. The trial court granted summary judgment in favor of Safeco and Statesman.

On appeal, Amerisure contends that the trial court improperly granted summary judgment in favor of Safeco and Statesman. We find no error and, therefore, we affirm the judgment of the trial court.

On September 28, 1979, Phyllis Burton and Virgie Truesdell purchased a mobile home manufactured by Parkwood Corporation. Upon moving in, they noticed a particular odor and immediately suffered physical problems due to what turned out to be the presence of formaldehyde in the mobile home. In 1982 and 1983, they filed complaints against Parkwood for damages caused by formaldehyde poisoning in their home.

Amerisure, who insured Parkwood from December 1980 through March 1982, assumed Parkwood's defense in the cases filed against it by Burton and Truesdell. Following discovery, Amerisure settled these claims on Parkwood's behalf for $30,000.

In the instant action, Amerisure sought contribution from Safeco and Statesman for expenses incurred in settling the cases filed against Parkwood. Statesman provided insurance to Parkwood from December 1978 through December 1979, and Safeco provided insurance to Parkwood from December 1979 through December 1980. Both Statesman and Safeco refused to contribute to the settlement costs incurred by Amerisure.

■ Claims for bodily injuries or for injuries to personal property must be brought "within two years after the cause thereof arose." R.C. 2305.10. In a case such as this involving bodily injury, the claim accrues at the time the disease manifests itself. *Clutter v. Johns–Manville Sales Corp.* (C.A.6, 1981), 646 F.2d 1151. The disease is manifested at the time that there is an outward, perceptible sign of the disease, and not at the time that the disease has, or reasonably should have been, discovered. *Bazdar v. Koppers Company, Inc.* (N.D.Ohio 1981), 524 F.Supp. 1194.

Burton and Truesdell moved into their mobile home on October 5, 1979, and immediately experienced physical reactions to the formaldehyde present in the home. They filed their claims for compensation for these injuries against Parkwood in September 1982 and May 1983. Applying the manifestation rule to their claims against Parkwood, we hold that these claims were barred by the two-year statute of limitations found in R.C. 2305.10.

Although the claims against Parkwood were barred by the statute of limitations, Amerisure settled those cases for $30,000. Amerisure now seeks contribution from Statesman and Safeco for its costs of settlement.

Paragraphs five, six and seven of the syllabus in *Farm Bur. Mut. Auto. Ins. Co. v. Buckeye Union Cas. Co.* (1946), 147 Ohio St. 79, 33 O.O. 259, 67 N.E.2d 906, state as follows:

"5. The doctrine of contribution rests upon principles of equity.

"6. One who, with knowledge of the facts and without legal liability, makes a payment of money, thereby becomes a volunteer.

"7. Equity will not aid a volunteer."

Therefore, any sum paid beyond a legal obligation is the act of a mere volunteer, giving rise to no cause of action for contribution. *Fireman's Fund Indemn. Co. v. Shelby Mut. Cas. Co.* (1953), 95 Ohio App. 88, 52 O.O. 423, 117 N.E.2d 477.

Amerisure, with knowledge of the facts, settled the cases filed by Burton and Truesdell against Parkwood. Because the actions against Parkwood were barred by the statute of limitations found in R.C. 2305.10, Amerisure had no legal obligation to make a payment to the plaintiffs in those cases. Under these circumstances, Amerisure acted as a volunteer in settling the cases against Parkwood and is not entitled to contribution. See *Buckeye Union Ins. Co. v. Allstate Ins. Co.* (Feb. 23, 1981), Ashtabula App. No. 1017, unreported, 1981 WL 4451.

No genuine issues of material fact remain to be litigated, and reasonable minds can come to but one conclusion, that Amerisure acted as a volunteer in settling the cases against Parkwood. Amerisure, therefore, is not entitled to contribution, and Statesman and Safeco are entitled to judgment as a matter of law. Accordingly, the trial court properly granted summary judgment in favor of Statesman and Safeco pursuant to Civ.R. 56(C).

We affirm the judgment of the trial court.

*Judgment affirmed.*

DOAN, P.J., KLUSMEIER and HILDEBRANDT, JJ., concur.