**HI–LAND APARTMENTS, INC., et al. Appellees,**

v.

**CITY OF HILLSBORO, Appellant.**

[Cite as *Hi–Land Apts., Inc. v. Hillsboro* (1994), 95 Ohio App.3d 305.]

Court of Appeals of Ohio,
Highland County.

No. 833.

Decided June 24, 1994.

*James B. Grandey,* for appellees.

*James D. Hapner,* for appellant.

---

PETER B. ABELE, Judge.

This is an appeal from a judgment entered by the Highland County Court of Common Pleas finding the city of Hillsboro, defendant below and appellant herein, responsible for $4,072.15 voluntarily expended by Hi–Land Apartments, Inc., Jack A. Bennington, and Charlene Bennington, plaintiffs below and appellees herein, for stone and surfacing material used on the alley known as "North Glenn Street" in the city of Hillsboro, and finding appellant responsible for $3,280.86 voluntarily expended by appellees for snow removal, grading, gravel surfacing, and pothole repair in the alley.

Appellant assigns the following errors:

First Assignment of Error:

"The trial court erred in granting judgment in favor of appellees for money, as there was no contract between appellant and appellees."

Second Assignment of Error:

"The trial court erred in granting a money judgment to appellees as there is no liability in tort from appellant to appellee upon which a judgment could be granted."

Third Assignment of Error:

"The trial court should have found that the level of maintenance to be used in a street or alley is a governmental judgment decision and no obligation in quasi-contract exists to a dissatisfied property owner who voluntarily makes improvements."

The trial court found appellant accepted "North Glenn Street" as an alley and thereby assumed the duty of maintaining it as an alley. The trial court further found that because appellant failed to maintain the alley in a reasonable manner, appellees should be reimbursed for their efforts to maintain the alley in a reasonable manner. The trial court held as follows:

"It is therefore the decision of the Court that the city of Hillsboro had an obligation to maintain said North Glenn Street but had failed to do so in a reasonable manner and had failed to provide stone and surface material, grading, pothole repair and snow removal and being under an obligation therefore, it is further the decision of the Court that the materials and services provided by the

plaintiff as stated aforesaid in the sum of $7353.01 are a fair and reasonable amount and were reasonably necessary and that the plaintiff should recover said sum from the city of Hillsboro."

In its three assignments of error, appellant argues that there is no basis upon which appellees may recover funds they voluntarily spent to maintain the alley. In the first assignment of error, appellant asserts there was no contract between the parties and therefore no contractual basis of recovery. In the second assignment of error, appellant asserts that there was no tort liability upon which to order appellant to reimburse appellees. In the third assignment of error, appellant asserts appellees cannot recover under a quasi-contract theory of liability. Because all three assignments of error involve the question of whether any basis for liability exists, we will discuss them together.

We find the trial court erred by permitting appellees to recover funds they voluntarily expended to maintain the alley. Appellees cite no statute, court decision, or other authority permitting a volunteer to recover sums expended performing a city's duty to maintain an alley without the city's consent. We note there is no contract between the parties. We find no tort basis for requiring appellant to reimburse appellees for their voluntary efforts. We find no equitable basis upon which to permit appellees to recover sums they voluntarily expended to maintain the alley.

Courts have traditionally declined to aid volunteers. In *Farm Bur. Mut. Auto. Ins. Co. v. Buckeye Union Cas. Co.* (1946), 147 Ohio St. 79, 33 O.O. 259, 67 N.E.2d 906, paragraphs five, six, and seven of the syllabus, the court held:

"5.   The doctrine of contribution rests upon principles of equity.

"6.   One who, with knowledge of the facts and without legal liability, makes a payment of money, thereby becomes a volunteer.

"7.   Equity will not aid a volunteer." See, also, *Amerisure Cos. v. Statesman Ins. Co.* (1991), 77 Ohio App.3d 239, 241, 601 N.E.2d 577, 579; *Wendover Rd. Property Owners Assn. v. Kornicks* (1985), 28 Ohio App.3d 101, 28 OBR 198, 502 N.E.2d 226.

In *Hamm v. Purdin* (Mar. 6, 1992), Highland App. No. 698, unreported, 1992 WL 42797, we acknowledged the general rule that "one who officiously confers a benefit upon another is not entitled to restitution."

In the case *sub judice,* the parties agree that appellees acted as volunteers. Appellee Jack A. Bennington testified he acted out of concern for the families and

other residents who depended on the alley for ingress and egress. Although appellees' concern and actions may be admirable, neither the law nor equity permits recovery for voluntary acts.[1]

Accordingly, based upon the foregoing reasons, we sustain appellant's first, second, and third assignments of error.

We note, however, that appellant invited error with respect to that portion of the judgment awarding monetary damages equal to the amount expended by appellees on stone. At trial, appellant did not deny liability. Rather, appellant proceeded on the theory that appellees spent more money on maintenance than they were entitled to recover because they maintained the alley in better condition than the city would have maintained it, *i.e.*, that "the city's obligations should be limited to the stone purchased by the plaintiff for application to the alley and the plaintiff be required to bear the rest of the expenses proven." In light of the fact appellant invited error in this regard, we find appellees may recover the amount of money they spent on stone purchased for the maintenance of the alley. We reverse and remand this cause for a determination of the amount money appellees spent on stone purchased for the maintenance of the alley.

*Judgment reversed
and cause remanded.*

STEPHENSON and GREY, JJ., concur.

---

1. If a political subdivision is statutorily obligated to repair and maintain roadways, courts have generally been called upon to issue a writ of mandamus to compel the performance of those mandatory duties. See *State ex rel. Neff v. Jackson Twp. Trustees* (Mar. 1, 1994), Vinton App. No. 91CA476, unreported; *Salyers v. McArtor* (Feb. 5, 1993), Licking App. No. 92–CA–80, unreported, 1993 WL 35655; *Adamson v. Wetz* (App.1952), 69 Ohio Law Abs. 281, 124 N.E.2d 832, *State ex rel. England v. Trustees of Franklin Twp.* (1945), 79 Ohio App. 476, 35 O.O. 273, 74 N.E.2d 402.